STEELE v. MURRY *et al.*

**Tax Sale and Deed:** NOTICE TO REDEEM: FORM OF. A notice of
the expiration of the time for redeeming from tax sale is not suffi-
cient to authorize a tax deed, unless it is addressed to the persons
to be served therewith, or their names, in some proper manner,
appear therein. In this case the notice was addressed to only one
of the parties entitled to service, and, though served on both, was
held insufficient.

*Appeal from Cass District Court.*—HON. N. W. MACY,
Judge.

FILED, MAY 28, 1890.

ACTION in chancery to enjoin the treasurer of the
county from issuing a tax deed, and the purchaser from
receiving it, on account of irregularities in the tax pro-
ceeding and insufficiency of the notice of the expiration
of the time for redemption. There was a decree grant-
ing the relief prayed for by plaintiff. Defendants
appeal.

*L. L. DeLano, J. W. Scott* and *D. F. Harding,*
for appellants.

*Phelps & Temple,* for appellee.

BECK, J.—I. The main objections made by plaintiff
to the tax title involved in this action are: *First,* that
the taxes for the years wherein preceding taxes became
delinquent were not entered upon the tax book, as
required by Code, section 845 ; *second,* that the notice
of the expiration of the time for redemption required by
Code, section 894, was not given. We will waive the
consideration of the first objection, as the second, in our
opinion, is decisive of the case, and it is probable we
would not unite in the same views upon the facts of the
case involved in this question. The second objection,

Steele v. Murry.

therefore, alone demands consideration. Section 894 contains this provision: "After the expiration of two years and nine months after the date of sale of the land for taxes, the lawful holder of the certificate of purchase may cause to be served upon the person in possession of such land or town lot, and also upon the person in whose name the same is taxed, if such person resides in the county where such land is situated, in the manner provided by law for the service of original notices, a notice signed by him, his agent or attorney, stating the date of sale, and the description of the land or town lot sold, the name of the purchaser, that the right of redemption will expire, and a deed for said land be made, unless redemption for such sale be made within ninety days from the completed service thereof. Service may be made upon non-residents of the county by publishing the same three times in some newspaper printed in said county, and, if no newspaper is printed in said county, then in the nearest newspaper published in the state."

The notice contemplated in this section is to be served upon the person in possession of the land. What is the notice which is to be served upon him? The word "notice," used in the language of the statute above quoted, means a written paper containing the statements or recitations necessary to inform the person notified of the facts required to be communicated or declared to him. The word is often used in the law, and designates a paper of this description. It is intended to inform the person notified of the things required, and is, therefore, a notice to him. When a written notice is required to be served upon a person, the law contemplates that it shall be addressed to him. This we think is the uniform practice, and is demanded by the necessity of such address in order to guide the person making the service, and to identify the person served.

There are other reasons that sustain our conclusions. The statute quoted provides that the notice shall be served "in the manner provided by law for the service

of original notices.'' Original notices may be served by leaving them at the residence of the defendant, when he is not found in the county. Code, sec. 2603. There seems, in such a case as this, an absolute necessity that the notice should be addressed to the person intended to be served. If it should not be so addressed, how· would the person served and the person with whom the copy is left know for whom the notice was intended? The statute above quoted provides that service by publication may be made upon non-residents of the county, and in other cases contemplates that the same kind of service of the notice may be made in cases wherein such service of an original notice is allowed. Undoubtedly a non-resident holding possession of land sold for taxes should be served with notice of the expiration of the time for redemption, and a resident holding possession may keep himself concealed to avoid service of notice. In these cases, under Code, section 2618, paragraphs 1, 7, and section 894, service may be made by publication. How would it be possible to give notice in such cases by publication, unless the name of the party to be notified appear in the notice, or it be addressed to him? In our opinion, the proposition that the notice of the expiration of the time for redemption should be addressed to the persons ·to be served therewith, or their names, in some proper manner, should appear therein, requires no further support than these considerations. It is our conclusion that the notice was not sufficient, and the right of redemption was not, therefore, cut off.

AFFIRMED.