## IN RE ESTATE OF ELVINA ANDERSON, Deceased.

**Estates of decedents:** WHO MAY APPEAL. A petition filed in a decedent's estate alleging that moneys deposited in the name of the deceased belonged to the petitioners, to which the heirs intervened denying the allegations, and judgment was entered for the petitioners, the heirs may appeal from the judgment, although not mentioned therein as intervenors.

**Notice of appeal.** A notice of appeal is insufficient as to a party to whom it is not addressed, under Code, section 4114.

*Appeal from Jackson District Court.*— HON. A. J. HOUSE, Judge.

WEDNESDAY, NOVEMBER 23, 1904.

ALFRED CARTER filed in the matter of the estate of Elvina Anderson, deceased, a petition in which he alleged that certain moneys on deposit in the name of the said decedent in the American Savings Bank of Maquoketa were in

fact owned by him, and were so deposited in trust only.    He prayed an order upon the administrator of said estate, Sylvester Green, requiring him to release all claims to said moneys, and authorizing payment thereof to be made to him (said petitioner).    To the petition thus filed, Green, administrator, appeared by W. C. Gregory, his attorney, and filed answer, in which he admitted his official character, and otherwise denied generally.    Before trial, Lucinda Golden *et al.,* representing themselves to be heirs of the decedent, appeared and filed what is denominated a petition of intervention, in which they allege, as far as material to be considered, possession and ownership of the moneys in question in the said Elvina Anderson at the time of her death: the same being derived by gift to her from the petitioner, Carter. The demand for relief is that said moneys be held to be funds belonging to said estate.    Trial being had to the court, it was adjudged that the petitioner, Carter, was the unqualified owner of the money in question; that said estate had no title to or interest therein; and the administrator was ordered to assign and release the same to the petitioner. The interveners alone appeal.— *Dismissed.*

*Thomas & Thomas* and *F. O. Ellison,* for appellants.

*G. L. Johnson* and *Levi Keck,* for appellee CARTER.

BISHOP, J.—I.    Counsel for the petitioner, Carter, present the contention that the judgment entered is not such an one as that interveners, so called, may appeal therefrom.    Conceding the right of said interveners to appear at all in the action — a point not raised in the court below, nor in argument in this court — we think the right to appeal existed.    While the judgment entry did not refer to the interveners in terms, yet it amounted to a finding adverse to them, as well as to the administrator, and in favor of the ownership of the money in Carter.

II.    Counsel for petitioner, Carter, raise the further

point that this court is without jurisdiction to entertain the appeal. An additional abstract filed in this court by said Carter makes disclosure that the notice of appeal is addressed only to Sylvester Green, administrator, or to Levi Keck, his attorney, and to the clerk of the court. Service of such notice was had only by acceptance by Levi Keck, "attorney for Alfred Carter," and by the clerk. The notice is properly entitled, is in proper form, and refers intelligently to the proceedings and judgment from which the appeal is sought to be taken. As a notice to the defendant Green and to the clerk, it was undoubtedly sufficient. But not so, as we think, with respect to any parties to whom the notice was not addressed. The method prescribed by law for taking an appeal is by the service of a notice in writing on the adverse party, and also upon the clerk of the court. Code, section 4114. "When a written notice is required to be served upon a person, the law contemplates that it shall be addressed to him. This we think is the uniform practice, and is demanded by the necessity of such address in order to guide the person making the service, and to identify the person served." *Steele v. Murry,* 80 Iowa, 336.

It is thus made clear that the contention of counsel for appellee must be sustained. We regard it proper to add that we have examined the record with respect to the merits of the controversy, and that, were it not for the point of practice made as above stated, we should feel called upon to affirm the judgment.

*Dismissed.*