Harriet E. Stewart, Appellant, v. Board of Supervisors of Floyd County, Appellee.

DRAINS: Establishment—Appeal—Failure to File Petition. Failure of one who appeals from an order establishing a drainage improvement, to file, on or before the first day of the next term of the district court succeeding the taking of the appeal, a petition setting forth the order appealed from, with his objections thereto, is fatal to the appeal, when the drainage authorities availed themselves of said failure by motion to dismiss, filed *before* such petition is filed. (Sec. 1989-a14, Code Supp., 1913.)

DRAINS: Establishment—Inclusion of Lands—Benefits—Presumption. The inclusion of lands within a drainage district is a finality on the question of *some* benefit to the land.

*Appeal from Floyd District Court.*—C. H. Kelley, Judge.

April 1, 1918.

Appeal from an order of the district court confirming the establishment of a drainage district by the board of supervisors of Floyd County, Harriet E. Stewart appellant.—*Affirmed.*

*Eggert & Eggert,* for appellant.

*J. C. Campbell,* for appellee.

Ladd, J.—Proceedings to establish a drainage district were begun by the filing of a petition signed by J. E. Case and Geo. W. Brown. A competent engineer was appointed, and, upon the filing of his report recommending the formation of such district and the laying of tile drains, a day for hearing objections was designated. An owner of a forty acres bordering Charles City, Mrs. Harriet E. Stewart, filed objections, and a hearing was had. The board of supervisors overruled these objections, and established the

district as recommended in the report of the engineer. Thereupon, on November 7, 1916, Mrs. Stewart appealed to the district court. The auditor filed a transcript of the proceedings with the clerk of the district court, as required by Section 1989-a14, Code Supplement, 1913, but appellant did not file a petition setting forth the order of the board of supervisors "appealed from and her claims and objections relating thereto" until January 17, 1917. The next succeeding term of court after the appeal was taken commenced November 27, 1916. The first day of the term next thereafter was January 8, 1917, and on January 13th of that year, counsel representing the board of supervisors and proposed district moved that the appeal be dismissed because of failure to comply with Section 1989-a14, Code Supplement, 1913, which provides that:

"When an appeal authorized by this chapter is taken, the county auditor shall forthwith make a transcript of the notice of appeal and appeal bond and transmit the same to the clerk of the district court, and the clerk shall docket the same upon payment by the appellant of the docket fee; and on or before the first day of the next succeeding term of the district court, the appellant shall file a petition setting forth the order or decision of the board appealed from and his claims and objections relating thereto; a failure to comply with these requirements shall be deemed a waiver of the appeal and in such case the court shall dismiss the same."

Manifestly, there was a failure to comply with the requirement that a petition be filed on or before "the next succeeding term of the district court," and the consequence prescribed was the dismissal of the appeal. This was not obviated by the filing of what is denominated a "Brief History of Drainage System and Brief and Argument," immediately after the filing of the motion to dismiss, and, four days later, the petition exacted by statute, nor by change

of attorneys in the prosecution of the appeal. The waiver of the appeal was complete upon the failure to have the petition on file November 27, 1916, the first day of the term of court next succeeding the taking of the appeal; and, the board of supervisors having elected to take advantage of the waiver by presenting the motion to dismiss, prior to the filing of any pleading by the appellant, the court had no option to do otherwise than follow the statute declaring that "in such case, the court shall dismiss same." The court so ruled; but, in order to finally dispose of the appeal in event of ruling otherwise, heard the case on the merits, and, finding that appellant's land would be benefited by the proposed improvement, affirmed the order of the board of supervisors. As the order dismissing the appeal is affirmed, we may not review the evidence bearing on the merits.

2. DRAINS: establishment: inclusion of lands: benefits: presumption. Some idea of the situation may be obtained from *Brown v. Honeyfield,* 139 Iowa 414. As the inclusion of any land in the district determines that it probably will be benefited by the proposed improvement, and as this issue may not again be raised, whether land shall be so included is not a matter of discretion with the board of supervisors or courts, but an issue of fact, to be decided on the evidence submitted. In so doing, however, some consideration may be given to the advantages in ascertaining the truth possessed by the board and the trial court, even though such appeals are triable *de novo.* See *Wood v. Honey Creek Drainage Dist.,* 180 Iowa 159; *Chicago & N. W. R. Co. v. Board of Supervisors,* 182 Iowa 60. A careful examination of the record leaves no doubt that appellant lost nothing through failure to obtain a review on the merits. The order dismissing the appeal is—*Affirmed.*

PRESTON, C. J., EVANS and GAYNOR, JJ., concur.