## IN RE PAVING ASSESSMENTS.

**MUNICIPAL CORPORATIONS:** Public Improvements—Objections to
1  Assessments. An objection to a paving assessment is sufficient, when it is specifically lodged against both of two different tracts of land, and is to the effect that the assessments are (1) in excess of the benefits, and (2) in excess of 25 per cent of the actual value of the property.

**MUNICIPAL CORPORATIONS:** Public Improvements—Special Assess-
2  ments—Insufficient Notice of Appeal. A notice of appeal from the action of the city council in levying a special assessment for paving *must be addressed to the officer* (mayor or clerk) *upon whom it is served.*

**MUNICIPAL CORPORATIONS:** Public Improvements—Special Assess-
3  ments—Insufficient Appeal Bond. In an attempted appeal from a paving assessment, a bond is a nullity when the amount thereof was fixed solely by the appellant, and was simply left with the city clerk, without any approval by said officer.

*Appeal from Sac District Court.*—E. G. ALBERT, Judge.

JUNE 23, 1922.

APPELLANT is the owner of certain lots in the incorporated

town of Odebolt.  A special paving assessment was levied against his property.  He undertook to perfect an appeal to the district court of Sac County, and a motion to dismiss said appeal was sustained.  From the order of dismissal, this appeal is prosecuted.—*Affirmed.*

*George H. Clark,* for appellant.

*W. A. Helsell,* for appellee.

FAVILLE, J.—I.  Appellant filed written objections to the assessment against his property, before the town council of Odebolt, which objections alleged that the said special assessment

1. MUNICIPAL CORPORATIONS: public improvements: objections to assessments.

is in excess of the maximum per centum permitted by the statute, in that it was in excess of 25 per cent of the actual value of said property.  It was also urged in said objection that the special paving assessment is not in proportion to the special benefits conferred upon said property, but is in excess of said benefits.  The first ground of the motion to dismiss was that the objections so filed failed to raise any question upon which the town council was required to pass.  The particular thing claimed for this ground of the motion is that the objections embrace two tracts of land, and that the objection that the assessment against each of said tracts was in excess of 25 per cent of the actual value thereof was not as specific as is required by law.  The objection was specifically lodged against the assessments as to each tract or parcel of land.  It was sufficiently specific as designating the ground of objection relied upon by the objector.  We do not think it was subject to the objection urged against it, and think that it was sufficiently specific.

II.  Another ground of the motion to dismiss was that the notice of appeal was insufficient.  The said notice was designated as a "notice of appeal."  It was as follows:

2. MUNICIPAL CORPORATIONS: public improvements: special assessments: insufficient notice of appeal.

"To the Hon. Mayor and City Council of Odebolt, Iowa:

"You are hereby notified that G. H. Frey appeals to the district court of Iowa, in and for Sac County, from the resolution and findings

made by your honorable body to his objections filed to the special paving assessment levied against Lot One (1), Block Twenty-three (23), Original Addition to Odebolt, Iowa.

"Dated this 6th day of December, 1920.

"G. H. Frey, Appellant.

"Geo. H. Clark, Attorney for Appellant."

Code Section 839 provides that an appeal may be taken "by serving written notice thereof upon the mayor or clerk, and filing a bond for costs, to be fixed and approved by either of said officers." The statute, Code Section 3514, for the commencement of actions, requires that such action shall be commenced "by serving the defendant with a notice." Section 4114, Code Supplement, 1913, provides that an appeal is taken and perfected by the service of a notice in writing on the adverse party, his agent or attorney. In *In re Estate of Anderson*, 125 Iowa 670, we said:

"When a written notice is required to be served upon a person, the law contemplates that it shall be addressed to him. This, we think, is the uniform practice, and is demanded by the necessity of such address, in order to guide the person making the service, and to identify the person served."

See, also, *Steele v. Murry*, 80 Iowa 336; *Bloom v. Sioux City Traction Co.*, 148 Iowa 452; *Pilkington v. Potwin*, 163 Iowa 86; *Sleeper v. Killion*, 166 Iowa 205; *Stevens v. Peoples Sav. Bank*, 185 Iowa 619.

*Descriptio personæ* is not sufficient to meet the requirements of our statutes on notice. In appeals of this character, a written notice must be served upon the mayor or clerk. Under our previous holdings, it must, therefore, be addressed to the mayor or clerk upon whom it is served. It appears that the notice of the appeal in this case was not served upon the mayor, but was served upon the town clerk, to whom it was not addressed in any manner. Counsel for appellant has cited us to no authorities in contravention of the rule laid down in the authorities above referred to. We are disposed to adhere to the rule heretofore announced in respect to sufficiency of a notice. We hold that the notice in the instant case, not being

addressed to any person, was not sufficient to confer jurisdiction upon the district court to entertain the appeal, and that the ground of the motion to dismiss, predicated upon this proposition, was well taken.

III.    Said Section 839 provides that a party appealing from the levy of a special assessment shall file a bond for costs, to be fixed and approved by either the mayor or the clerk.    In the instant case, it appears that the attorney for the appellant, with a party interested in a similar appeal, called upon the town clerk, and stated that they desired to take an appeal from the action of the town council in regard to said paving; that the clerk gave to the said attorney a form of appeal bond, with the penal sum of $1,000 written therein; that subsequently, the said parties returned to the clerk, and informed him that a bond of $1,000 was unreasonable, and asked him to fix a bond in the sum of $250.    There is some controversy as to exactly what happened at the time, but we are satisfied from the evidence that the clerk at said time refused to accept, file, or approve a bond in a smaller sum than $1,000.    The attorney for the appellant insisted that a bond of $250 was sufficient. The clerk, in answer to an inquiry, stated that he regarded the sureties upon the bond of $250, which was presented, as being good and sufficient.    This bond was left with the clerk by the attorney for the appellant, but the record does not show that the clerk filed the same, or made any indorsement thereon, or approved the same.    This was not a sufficient compliance with the requirements of the statute that the amount of the bond is to be fixed, and the same approved, by either the mayor or the clerk. The clerk did not fix the amount of this bond at $250, nor did he approve the bond tendered in said amount as being a sufficient bond.    The evidence shows that, at said time, the mayor was in the said town, and was so there during the ten-day period provided by the statute for the taking of the appeal; and that no application was made to the mayor to fix the amount of the bond.    It is not claimed that the clerk acted fraudulently.    The evidence tends to show that he was acting under the orders of the town council, in stating that the penalty of the bond should

*3. MUNICIPAL CORPORATIONS: public improvements: special assessments: insufficient appeal bond.*

be $1,000. A substantial compliance with the statutory provisions is essential, to confer jurisdiction in a case of this kind. The motion to dismiss the appeal upon the ground that no sufficient bond was filed and approved, as required by statute, was well taken. See *McCord v. City of Cherokee,* 180 Iowa 448, and cases cited therein.

The order of the trial court in sustaining the motion to dismiss the appeal was correct, and it is—*Affirmed.*

Stevens, C. J., Evans and Arthur, JJ., concur.