F. O. WOODARD et al., Appellants, v. CITY OF IOWA CITY et al., Appellees.

No. 40433.

NOVEMBER 11, 1930.

REHEARING DENIED APRIL 14, 1931.

S. K. Stevenson and T. M. Fairchild, for appellants.

Will J. Hayek, for appellees.

DE GRAFF, J.—Plaintiffs F. O. Woodard and Ethel Woodard were the former owners of Lot 1 Block 4, Black's Second Subdivision to Iowa City, Iowa, and are still interested parties in said lot. The plaintiff Cook Building Corporation, a holding corporation for the Alpha Kappa Kappa Fraternity, was the title holder at the time the re-assessment for special improvements on said lot was made. Upon the overruling of the objections of plaintiff Woodards to the first assessment, an appeal was taken to the District Court of Johnson County, and on September 14, 1929, the court made findings that the defendant city failed to comply strictly with Section 6026, Code, 1927, in that after the filing of the plat and schedule for the street improvement in question, the defendant city failed to give notice in each of two newspapers in Iowa City, stating that said plat and schedule were on file in the office of the City Clerk and providing that all objections must be filed within twenty days after the first publication thereof. Thereupon, the court adjudged and decreed that the jurisdiction of the defendant city to levy assessments for the street improvement was defective and remanded the matter to the city council of Iowa City with instructions that it comply strictly with Section 6026, Code, 1927, and give the notice to said property owners, as therein provided, and "re-assess and re-levy such special assessments in the manner provided in Chapter 308, Code, 1927, under the authority provided for by Section 6060 of said Code." No appeal was taken from said decree. The City Council in compliance with the terms of said decree published notice of a re-assessment of the lot involved herein, and did on November 1, 1929, re-assess

said lot or a portion thereof in the sum of $1,112.60. Plaintiffs filed divers objections addressed to the Mayor and City Council of Iowa City to the re-assessment. The objections were over-ruled, hence this appeal. Counsel for plaintiffs in their briefs and arguments have covered a wide field of controversy, but it will be necessary to refer only to the special appearance filed by the defendant city, on November 21, 1929.

We, therefore, turn to the determining and controlling point in this case. Upon the overruling of the plaintiff's objections to the re-assessment by the city council of Iowa City, Iowa, plain-tiffs appealed to the District Court, and on November 12, 1929, filed a cost bond in the penal sum of $200. On December 4, 1929, plaintiffs filed an amended bond in the sum of $250 with the same surety, together with an application to rectify and amend the bond for costs. The defendant city filed a resistance to said application on the primary ground that until a bond suf-ficient to invoke the jurisdiction of the district court had been furnished in the first instance, there was nothing to amend. Sutton v. Bower & Perkins, 124 Iowa 58. On November 21, 1929, the defendant city filed a special appearance for the sole purpose of questioning the jurisdiction of the court and moved the court to dismiss the appeal for want of jurisdiction. It is stated, as grounds therefor, that the appellants have wholly fail-ed to perfect the appeal in that no sufficient appeal bond was filed at the time and in the manner provided by statute, to wit, Section 6064, Code, 1927. The trial court, on January 10, 1930, ruled that the plaintiffs did fail to comply with the statute, and therefore, no jurisdiction had ever been conferred upon the court in this matter and it was adjudged that said special ap-pearance and motion to dismiss the appeal should be sustained and the appeal was dismissed with costs taxed to plaintiffs.

The chronology of this case may be summarized as follows: Notice of appeal was served on the Mayor of Iowa City, No-vember 7, 1929. Bond was approved and filed November 12, 1929. The instant petition was filed November 8, 1929. Appli-cation to rectify and amend bond was filed December 4, 1929. Amendment to bond increasing amount to $250 was filed De-cember 4, 1929. The special appearance of the defendant city was filed November 21, 1929.

Section 6064, Code, 1927, does govern the perfecting of an

appeal of this character. One of the statutory essentials is filing within fifteen days in the office of the Clerk of the District Court an appeal bond approved by the Clerk of said court "in an amount equal to 5% of plaintiff's assessment appealed from and in no event less than $250, conditioned for the payment of all costs which may be adjudged against plaintiff." No appeal lies from an assessment against property for special improvements except as provided by statute, and such statute must have strict compliance. The statutory provisions are mandatory. Dickinson v. City of Des Moines, 202 Iowa 782. Where a bond is not filed within the time required, it may not be said there exists such a bond as can be amended after the time limit. McCord v. City of Cherokee, 180 Iowa 448; Van Meter v. City of Tipton, 178 Iowa 1201.

The trial court correctly ruled the special appearance. The judgment and decree entered must be and is affirmed.

MORLING, C. J., and STEVENS, ALBERT and WAGNER, JJ., concur.