R. E. Barton, Administrator, Appellant, v. City of Waterloo, Appellee.

No. 42323.

June 23, 1934.

Kildee & Kildee, for appellant.

A. G. Reid, for appellee.

Kintzinger, J.—One of the questions raised in this case pertains to the sufficiency of the original notice, in that it was not addressed to the defendant, city of Waterloo.

On the 23d day of June, 1932, Myles J. Kildee, one of the attorneys for the plaintiff, attempted to serve the following original notice upon "Charles MacKay, City Clerk."

"In the District Court of Iowa in and for Black Hawk County, Ia. September Term, 1932.

"R. E. Barton, Admr., Plaintiff
v. } Original Notice.
City of Waterloo, Iowa, Defendant.

"To Charles MacKay, City Clerk.

"You are hereby notified that there is now on file in the office of the Clerk of the District Court of the above named county and

state, the petition of the plaintiff demanding thirty five thousand ($35,000.00) dollars damage in the City of Waterloo, Iowa, and alleges as grounds therefore the negligence of the said defendant City in allowing the streets to remain in disrepair and allowing snow and ice to accumulate on the south side of Sycamore Street at the intersection of Sycamore and Third Street; that because of such negligence on the part of the city, William H. Barton while attempting to cross the said intersection on March 23, 1932, slipped and was violently thrown to the sidewalk fracturing his skull and doing other great damage to him physically. The injury caused his death within a few minutes after the fall.

"For further particulars see the petition when placed on file.

"Now, unless you appear thereto and defend on or before noon of the second day of the next term of the said court to be held in the court house at Waterloo, Iowa, in the said county, commencing on the 19th day of September, 1932, your default will be taken and judgment rendered thereon as prayed."

This notice was indorsed on the back as follows: "Copy of the within is hereby accepted on this 23rd day of June, 1932. (Signed) Chas. C. MacKay, City Clerk."

The record shows that, at the time plaintiff's attorney handed this notice to Charles MacKay, city clerk, it contained a blank indorsement on the back as follows: "Due, timely and legal service of the within is hereby accepted on this 23rd day of June, 1932." Said Charles MacKay, however, expressly refused to accept service of the paper handed to him as an original notice, and expressly told plaintiff's attorney that he would not accept service thereof. Pursuant to his refusal to accept such service, he drew a line through the words "due, timely and legal service" and inserted in lieu thereof the word "copy"; so that the indorsement simply reads "Copy of the within is hereby accepted."

Appellant contends that the court erred in holding the notice void because it was not addressed to the defendant, city of Waterloo, or to Charles MacKay, clerk of the city of Waterloo.

It is apparent from a reading of the notice that it is not addressed to the city of Waterloo. It is the settled rule of law in this state that an original notice must contain the address, or be directed to the party to be bound therein. Unless the notice is addressed to the party to be bound thereby, it has been repeatedly held by this

court that it is defective. Steele v. Murry, 80 Iowa 336, 45 N. W. 1030; Pilkington v. Potwin, 163 Iowa 86, 144 N. W. 39; In re Anderson's Estate, 125 Iowa 670, 101 N. W. 510; Sleeper v. Killion, 166 Iowa 205, 147 N. W. 314; In re Paving Assessments, 193 Iowa 1234, 188 N. W. 780; Farmers State Sav. Bank of Fairbank v. Fairbank, 199 Iowa 1275, 202 N. W. 80; In re Assignment of Lounsberry, 208 Iowa 596, 226 N. W. 140; Midwestern Realty Co. v. City of Des Moines, 210 Iowa 942, 231 N. W. 459; Lundy v. City of Ames, 201 Iowa 186, 206 N. W. 954.

The notice in question was simply directed to "Charles MacKay, City Clerk" without stating what city he was the city clerk of. In Steele v. Murry, 80 Iowa 336, 45 N. W. 1030, followed by a long line of authorities hereinabove cited, we said:

"When a written notice is required to be served upon a person, the law contemplates that it shall be addressed to him. This we think is the uniform practice, and is demanded by the necessity of such address in order to guide the person making the service, and to identify the person served."

In Sleeper v. Killion, 166 Iowa 205, loc. cit. 214, 147 N. W. 314, 317, we said:

"The notice must be addressed to him by name. He must be distinctly told in the notice that he is required to appear, and the consequences that will follow his failure to respond. It is not a sufficient answer to say that no prejudice resulted to the defendant from the failure to insert his name in the notice in this particular instance. There is danger in permitting courts to assume jurisdiction to determine and dispose of the rights of parties, upon notice that is not addressed to the party, and in which he is not distinctly informed that *his presence* is required to protect his interests. This rule is * * * intended as a guard against fraud and imposition. It is not sufficient answer to say that the court, having the name of the defendant before it in the petition, and * * * in the return of service, is justified in concluding that the party named in the petition has been properly served * * * under the rule that identity of name is identity of person in law, unless the contrary appears. It involves the right of the defendant himself to know, from the process or summons, that *he is required to appear* in court in defense of his civil rights or his property. This is the only method

prescribed by law by which knowledge of the proceeding against him is to be conveyed to him, *and it must be strictly followed in order to give the court jurisdiction of his person.*" (Italics ours.)

The notice in this case is not addressed to either the defendant, city of Waterloo, or to "Charles MacKay, Clerk of the City of Waterloo". It is simply addressed to "Charles MacKay, City Clerk."

Section 11055 of the Code requires that the action "shall be commenced by serving the *defendant* with a notice * * * informing him of the name of the plaintiff, that a petition is, or * * * will be, filed * * * and that unless he appears thereto and defends before noon of the second day of the term at which defendant is required to appear, naming said term * * * *his* default will be entered and judgment or decree rendered against him thereon."

The notice in question is simply addressed to "Charles Mac-Kay, City Clerk", and does not inform the city of Waterloo or the *clerk of the city of Waterloo* that, unless the defendant city of Waterloo appears and defends, judgment will be rendered against it.

Our cases uniformly hold that, unless the notice is addressed to the defendant, it is not sufficient. We therefore deem it unnecessary to review or consider the authorities further here. We are therefore constrained to hold that under such rulings the notice is defective and void.

For the reasons hereinabove set out, it is our conclusion that the ruling of the lower court in sustaining the special appearance of the defendant was right, and such judgment and ruling thereon is hereby affirmed.

All Justices concur.