Omer B. Fuller, Jr., Appellant, v. Incorporated Town of Rolfe, Appellee.

No. 44629.

March 14, 1939.

Omer B. Fuller, Jr., for appellant.

N. J. Bixler, for appellee.

Sager, J.—Plaintiff, being dissatisfied with a special assessment, sought a review by the district court. To that end he served a notice of appeal which, so far as is necessary to be considered here, is as follows:

"In the District Court of Iowa In and For Pocahontas County.

"Omer B. Fuller, Jr., Plaintiff, vs. Incorporated Town of Rolfe, Iowa, Defendant.

"Notice of Appeal From A Special Assessment For Paving.

"To F. E. Grant as Clerk of the Incorporated Town of Rolfe, Iowa:

"You are hereby notified that the undersigned has appealed to the District Court of Iowa for relief from the special assessment for paving levied against * * * ."

For the purposes of this opinion the body of the notice will be assumed to be sufficient in form. The notice is signed "Omer B. Fuller, Jr., plaintiff," and acceptance of service is signed "Incorporated Town of Rolfe, Iowa, By F. E. Grant, Clerk."

The appellee filed the special appearance for the sole purpose of attacking the jurisdiction of the court alleging that the notice of appeal was not directed or addressed to the Incorporated Town of Rolfe, Iowa, as required by section 6064 of the Code of Iowa, 1935. The trial court took the view contended for by appellee and in so doing, we think it was right.

Our attention is called to a number of cases decided by this court, but we do not find it necessary to analyze them now. Most of them were decided when the law was different than it is at present. For a long time there was much confusion in the mind of bench and bar as to how notices of appeal in proceedings of this sort should be directed. Litigation frequently arose over this question. Under the present provisions of the code there seems to be no necessity for confusion or uncertainty. Section 6063 of the code reads:

"Appeal on assessment. Any person affected by the levy of any special assessment for street improvements or sewers may appeal therefrom to the district court. The person appealing shall be designated as plaintiff and the city or town as defendant."

Section 6064 reads:

"Perfecting appeal. Said appeal must be perfected:
"1. By serving upon the mayor or clerk, in the manner in which original notices in ordinary actions are served, within fifteen days from the date of said levy, a written notice of appeal, signed by the plaintiff or by his agent or attorney, directed to the defendant * * * ."

Appellant concedes that if the notice of appeal in question is not directed to the defendant within the meaning of section 6064, this appeal must fail. He seeks to get around what appears to be a self-evident proposition by arguing and citing cases to the effect that assessment statutes are to be strictly construed as against cities and towns. The trouble with this

is that the district court was not in a position to construe the statutes until, by a proper notice of appeal, it had jurisdiction.

Appellant further argues that because the notice is directed to Grant, as clerk, there was manifest the intent to carry notice beyond the clerk himself and was thereby directed to the town as defendant, as required by the statute. We are unable to follow this argument. The language of the statute is explicit. It requires that the notice shall be ''directed to the defendant.'' This, the notice before us does not do.

Our decision in Barton v. City of Waterloo, 218 Iowa 495, 255 N. W. 700, seems to make further discussion unnecessary. It should be added that we do not overlook the fact that in the Barton case the notice was directed to Charles MacKay, city clerk, whereas in the case before us, it is directed to Grant, as clerk, etc. We hold that this does not distinguish the cases so as to lead to a different conclusion here, nor avoid a failure to comply with the statute.

Appellant's motion to strike, submitted with the case, is overruled.

Finding no error in the record, it follows that the case should be, and it is, affirmed.—Affirmed.

MITCHELL, C. J., and OLIVER, HAMILTON, RICHARDS, BLISS, HALE, and MILLER, JJ., concur.