JOSEPH HARRINGTON et al., appellants, v. TOWN OF SALIX, appellee.

No. 49257.

(Reported in 85 N.W.2d 527)

OCTOBER 15, 1957.

McCormick & McCormick, of Sioux City, for appellants.

Wm. A. Shuminsky, of Sioux City, for appellee.

OLIVER, J.—The question for determination here is the validity of a notice of appeal in the following form, from orders of a town council in connection with a special assessment for street improvements:

"IN THE DISTRICT COURT OF IOWA IN AND FOR WOODBURY COUNTY

JOSEPH HARRINGTON,
IGNATIUS HARRINGTON and
THERESA HARRINGTON,
                 Plaintiffs,         NOTICE OF APPEAL
   vs.
TOWN OF SALIX, IOWA,
                 Defendant.

"YOU ARE HEREBY NOTIFIED that the plaintiffs [naming them] * * * do hereby appeal from the action of the Town Council of Salix, Iowa in overruling objections of these plaintiffs * * * and in making, levying and confirming the assessments against said property for the installation of concrete curb and gutter * * * in Salix, Iowa * * * in the following amounts: [designating the properties and respective amounts].

"YOU ARE FURTHER NOTIFIED that the petition of the said plaintiffs will be on file", etc.

The notice was dated and signed by plaintiffs' attorneys. It was served upon J. R. Downing, mayor of Salix. Defendant, Town of Salix, appeared specially, alleging the court had no jurisdiction, for that "the Notice of Appeal was not directed or addressed to the Town of Salix, Iowa, as required by section

391.89", Code of Iowa, 1954, which recites, in part: "Said appeal must be perfected: 1. By serving upon the mayor or clerk, * * *, a written notice of appeal, * * *, directed to the defendant, * * *."

The district court sustained defendant's special appearance. Plaintiffs appeal. We hold the order of the district court was correct.

Fuller v. Town of Rolfe, 226 Iowa 604, 605, 606, 284 N.W. 455, involved the same statutory provision and a notice of appeal in caption and in form similar to the notice in the case at bar.

The Rolfe case makes reference to some confusion as to how notices of appeal in proceedings of this sort should be directed, points out that this arose under former statutes and states that under the present provisions of the Code there seems no necessity for confusion or uncertainty. The notice of appeal held invalid in the Rolfe case was directed, " 'To F. E. Grant as Clerk of the Incorporated Town of Rolfe, Iowa.' " He was a proper representative of the city to be served with the notice and accepted service of it.

The decision states: "Appellant further argues that because the notice is directed to Grant, as clerk, there was manifest the intent to carry notice beyond the clerk himself and was thereby directed to the town as defendant, as required by the statute. * * * The language of the statute is explicit. It requires that the notice shall be 'directed to the defendant.' This, the notice before us does not do."

In the case at bar the notice contained no "direction" of any kind. Obviously, it would not be less defective than the Rolfe notice.

In Barton v. Waterloo, 218 Iowa 495, 496, 498, 255 N.W. 700, 701, an action for damages, the original notice, similarly captioned, was directed to Charles MacKay, City Clerk. The decision states: "It is apparent from a reading of the notice that it is not addressed to the city of Waterloo." Our cases uniformly hold that unless the notice is addressed to the defendant it is not sufficient. This holding was followed in Columbian Hog & Cattle Powder Co. v. Studer, 8 N.W.2d 592, not reported in Iowa Reports.

Appellants cite Steele v. Murry, 80 Iowa 336, 45 N.W. 1030, and Lundy v. Ames, 201 Iowa 186, 206 N.W. 954. Neither cited case was based upon a statute requiring that the notice be directed to the defendant. The Steele case held a notice of tax deed to the occupant of the land insufficient because not addressed to him. In Lundy a notice of appeal directed to, The City of Ames, Iowa, was held valid. Neither decision supports appellants' contentions.

Appellants cite also Plano Mfg. Co. v. Kaufert, 86 Minn. 13, 89 N.W. 1124, which interprets the language of a Minnesota statute. Of course, that would not require the overruling of decisions of this court interpreting differently such language in an Iowa statute. Moreover, it appears the difference is due to stricter construction, by this court, of the language of the Iowa statute. See Woodard v. Iowa City, 212 Iowa 326, 329, 232 N.W. 806; Van Meter v. Tipton, 178 Iowa 1201, 1202, 159 N.W. 171.

The order of the district court is affirmed.—Affirmed.

HAYS, C. J., and BLISS, GARFIELD, SMITH, THOMPSON, LARSON, and PETERSON, JJ., concur.

WENNERSTRUM, J., dissents.

WENNERSTRUM, J. (dissenting)—I am unable to join in the majority opinion and therefore respectfully dissent. I am conscious of the fact there is court made law which supports the majority holding but there is basis, in my opinion, for a contrary conclusion.

The portion of Code section 391.89, 1954 Code of Iowa, which is here involved is as follows: "Said appeal must be perfected: By serving upon the mayor or clerk, in the manner in which original notices in ordinary actions are served, within fifteen days from the date of said levy, a written notice of appeal, signed by the plaintiff or by his agent or attorney, *directed to the defendant,* and designating with reasonable certainty the assessment appealed from and the property of plaintiff affected thereby, and * * *." (Italics supplied.)

From a consideration of the briefs of the respective parties and the trial court's ruling it is apparent the court's determina-

tion of the issue before it was based on the failure of the plaintiff to incorporate at the beginning of the notice a salutation as follows: "To the Town of Salix, Iowa." It is the conclusion of the writer of this dissent such a heading or salutation was not necessary under the circumstances hereinafter stated. The heading of the notice of appeal is set out in the majority opinion which we shall not repeat. The body of the notice is here noted:

"YOU ARE HEREBY NOTIFIED that the plaintiffs Joseph Harrington and Ignatius Harrington as owners of Lot 7 and the plaintiffs Ignatius Harrington and Theresa Harrington as owners of Lots 5, 6 and 8, all in Block 8, First Addition to the Town of Salix, Iowa, do hereby appeal from the action of the Town Council of Salix, Iowa, in overruling objections of these plaintiffs to the assessments against these plaintiffs' property and in making, levying and confirming the assessments against said property for the installation of concrete curb and gutter on Tipton, Maple and Travis Streets in Salix, Iowa, said assessments having been in the following amounts: * * * [describing properties and assessments].

"YOU ARE FURTHER NOTIFIED that the petition of the said plaintiffs will be on file in the office of the Clerk of the District Court of the State of Iowa, in and for Woodbury County, at Sioux City, Iowa, on or before noon of the second day of the January, 1957 term of Court, to all of which take due notice and govern yourself accordingly.

"Dated this 20th day of December, 1956.

/S/   McCORMICK & McCORMICK
McCormick & McCormick
Attorneys for Plaintiffs
604 Security Bank Building
Sioux City, Iowa."

The names of the appealing parties are listed as plaintiffs in the heading of the notice and the Town of Salix is noted as defendant. In the body of the notice it is definitely stated the plaintiffs are appealing by reason of an assessment made against their properties by the Town of Salix. It seems to this writer the notice was plainly shown to be directed to the defendant. It could not be otherwise. The defendant-town was fully advised

regarding the purpose of the notice and to add "to the Town of Salix, Iowa" would not give to the defendant any greater information than if such salutation was not included. To deny to the plaintiffs the right of appeal under the circumstances is not in keeping with the spirit of the statute here involved and is not in keeping with the claim made by courts generally that they seek to arise above mere technicalities. If our prior authorities support the majority opinion it is time this court changed such an extreme court made law. I would reverse.