Barbara J. WHITE, Appellant,

v.

William Francis O'NEILL, Appellee.

Virgil WHITE, Appellant,

v.

William Francis O'NEILL, Appellee.

No. 53215.

Supreme Court of Iowa.

Jan. 14, 1969.

Whitesell Law Firm, Iowa Falls, for appellants.

Cartwright, Druker, Ryden & Fagg, Marshalltown, for appellee.

LARSON, Justice.

Plaintiffs each brought an action for damages against defendant for injuries sustained in an automobile accident on March 2, 1966. Original notices (identical except for the respective plaintiff's name) were served on defendant by substituted service upon Lila G. O'Neill. We set out one of the notices as follows:

"IN THE DISTRICT COURT OF THE STATE OF IOWA IN AND FOR HARDIN COUNTY

Barbara J. White,
  Plaintiff

  vs.

William Francis O'Neill,
  Defendant

No. 62–78

ORIGINAL NOTICE

  YOU ARE HEREBY NOTIFIED that Plaintiff's petition in the above entitled action is now on file in the office of the Clerk of said Court, a copy of which petition is hereto attached, marked Exhibit 'A'.

  * * *        (Duly signed)"

---

Both notices omitted the salutation clause: TO THE ABOVE NAMED DEFENDANT, or, TO WILLIAM FRANCIS O'NEILL.

By special appearances defendant challenged jurisdiction of the court due to plaintiffs' failure to include a salutation clause in the original notices as required by rule 50, R.C.P. The trial court sustained defendant's special appearances and plaintiffs appealed.

The relevant portion of rule 50, Rules of Civil Procedure, provides as follows: "The original notice shall be directed to the defendant, and signed by plaintiff or his attorney with the signer's address. * * *"

I. It is too well settled for discussion that compliance with rule 50 is required in order to obtain jurisdiction. Compliance with this rule is the only method by which a plaintiff may compel a defendant to submit to the court for a binding adjudication of their differences. Our previous holdings have firmly established that the provisions of rule 50 are mandatory and that the rule has statutory status. Gordon v. Doden, Iowa, 154 N.W.2d 146; Bice v. Incorporated City of Urbandale, 258 Iowa 1013, 141 N.W.2d 639; Summerlott v. Goodyear Tire & Rubber Co., 253 Iowa 121, 111 N.W.2d 251, 93 A.L.R.2d 371; Halverson v. Hageman, 249 Iowa 1381, 92 N.W.2d 569; Parkhurst v. White, 254 Iowa 477, 118 N.W.2d 47; Krebs v. Town of Manson, 256 Iowa 957, 960, 129 N.W.2d 744, 746, and citations.

Appellants contend that the omission is a mere irregularity, that this notice substantially complies with the rule, and that this deletion should not deprive the court of jurisdiction to hear the matter. Appellants rely on our pronouncements that mere irregularities relating principally to the form of the notice or to technical or clerical errors will not be fatal to the jurisdiction of the court, that only a substantial departure from the requirements of the rule will make the notice void. Parkhurst v. White, supra; State ex rel. Hanrahan v. Miller, 250 Iowa 1358, 96 N.W.2d 474; Jacobson v. Leap, 249 Iowa 1036, 88 N.W.2d 919. Appellants also urge that rule 50 should be liberally construed as provided in section 4.2 of the 1966 Code of Iowa.

However, as we stated in Bice v. Incorporated City of Urbandale, at page 1015 of 258 Iowa, at page 640 of 141

N.W.2d: "* * * a failure to comply with the precise and clearly stated requirements of rule 50 is certainly more than a mere irregularity. The rule says what it means and means what it says. Any holding to the contrary would simply subject the rule to doubt and uncertainty which would in turn lead to needless confusion and turmoil."

 The words used in rule 50 are abundantly clear. The rule requires that the original notice be "directed to the defendant." In the case at bar the notices were not only not directed to the defendant, they were not directed to anyone. In other words, the required salutation clauses are not merely irregular in form, they are wholly left out. We must hold that plaintiffs' failure to include salutation clauses constitutes a substantial departure from the requirements of rule 50.

Appellants argue that the omission of these saluation clauses did not mislead, deceive, nor prejudice the defendant, and in this particular case we would agree. Nevertheless, we have consistently held a showing of no prejudice will not avoid the application of rule 50. We stated in Sleeper v. Killion, 166 Iowa 205, 214, 147 N.W. 314, 317: "It is not a sufficient answer to say that no prejudice resulted to the defendant from the failure to insert his name in the notice in this particular instance. There is danger in permitting courts to assume jurisdiction to determine and dispose of the rights of parties, upon notice that is not addressed to the party, and in which he is not distinctly informed that his presence is required to protect his interests." We believe this is especially true where, as in the instant case, notice was by substituted service. Also on defective salutations, see Barton v. City of Waterloo, 218 Iowa 495, 255 N.W. 700; Fuller v. Incorporated Town of Rolfe, 226 Iowa 604, 284 N.W. 455; Harrington v. Town of Salix, 248 Iowa 1359, 85 N.W.2d 527.

The order of the trial court sustaining the special appearances is affirmed.

Affirmed.

All Justices concur except BECKER, J., who dissents.