PUERTO RICO WATER RESOURCES AUTHORITY, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, CAGUAS PART, JUAN C. SANTIAGO MATOS, JUDGE, Respondent; LUIS C. LÓPEZ VELÁZQUEZ, Intervener.

No. O-70-46.    Decided October 15, 1970.

*Aladino Torres Rivera* for petitioner. *José Luis Rodríguez Jimé-nez* for intervener.

Mr. Justice Ramírez Bages delivered the opinion of the Court.

In this case we issued the writ to review the judgment of the trial court of December 10, 1969, to the effect that (1) in view of the fact that the summons is not denied "the absence of the proof of service on the back of the summons is a defense matter which should have been raised at the time of the answer"; (2) the District Court acquired jurisdiction over the person of the petitioner notwithstanding the absence of the proof of service on the back of the summons as such fact was not "a valid objection in order not to answer in view of the fact that it is not denied that petitioner was summoned"; and (3) as the trial court was not placed in a condition to exercise its requested judicial discretion it is not proper to apply Rule 49.2 of the Rules of Civil Procedure and by virtue thereof relieve petitioner of the judgment rendered against it.

Let us see the circumstances which gave rise to the judgment challenged.

On August 19, 1968, intervener, Luis C. López Velázquez, sued petitioner herein, Water Resources Authority, before the District Court, Caguas Part, for damages sustained by him on account of an undue suspension of electricity services in his residence. Petitioner's default having been entered, the hearing of the case was held on the date set for the same, October 2, 1968. On October 8, 1968, judgment was rendered granting the complaint and ordering petitioner to pay the intervener the amount of $1,500 for damages. On October 30, 1968, petitioner filed a motion in said court challenging the summons served in this case for being insufficient because neither the place nor the time of the service, or the person to whom it had been delivered, nor the signature of the person making the service had been entered on the back of the same, a circumstance which is verified from the photostatic copy of the summons attached to said motion and which was introduced in evidence in the hearing of said motion. In said hearing, the intervener did not introduce any evidence seeking to cure the defect in the service of said summons.

On December 13, 1968, the District Court rendered an order denying said motion because "The fact of the summons not having been attacked nor it having been established that defendant's rights were prejudiced in a substantial manner because of the alleged defect of the service of the copy of the summons, which was delivered together with the complaint, . . . the court acted with jurisdiction, . . . over the person of the defendant in rendering the judgment."

The Superior Court, Caguas Part, resorted to by petitioner through a petition for certiorari, affirmed the judgment of the District Court by the ruling which we summarized at the beginning of this opinion and from which appeal is taken before us.

Petitioner assigns that the Superior Court, Caguas Part, erred in deciding that (1) ". . . proof of service not appearing on the back of the copy of the summons which is attached to the copy of the complaint which defendant receives, and in absence of *aliunde* evidence of its having been served in a personal manner, the court has jurisdiction over the person of the defendant"; (2) ". . . the lack of proof of service on the back of the copy of the summons which is delivered to defendant which leads said party to err as to term to answer and about its legal obligation to answer or not a complaint does not justify the granting of remedies under Rule 49.2 of the Rules of Civil Procedure"; (3) ". . . defendant in the original litigation did not place the District Court, Caguas Part, in a condition to exercise its judicial discretion."

Petitioner informs that on August 27, 1968, a copy of the complaint in this case and a copy of the summons with no proof of service appearing on the back thereof were received in its Legal Division, and that on October 9, 1968, petitioner was notified of the judgment in default rendered by the District Court, Caguas Part, on October 8, 1968. On the other hand, the intervener indicates that petitioner's summons was performed on August 21, 1968, on the person of its

Caguas·office manager; that there appears in the record an affidavit given by the person who made the service of the summons where it is stated that he delivered a copy of the complaint and of the summons to said manager.

Rule 4.3 of the Rules of Civil Procedure provides that the service of process "shall be made by the marshal, or by some person of legal age who can read and write and who is not the party nor his attorney, nor has an interest in the action." Rule 4.4 of the said body of rules provides that "upon delivering the copy of the summons [the person making service] shall.set forth on the back thereof, over his signature, the date and place of such delivery and the name of the person to whom it was delivered." Rule 10.2 of the same body of Rules provides that the insufficiency of service of process as well as the lack of jurisdiction over the defendant may be raised before answering. The fact of not stating on the back of the summons the information required by Rules 4.3 and 4.4, and to which we just referred, is not specifically included among the defenses enumerated in Rule 10.2.

There is no doubt that in the instant case the foregoing requirements of said Rule 4 have not been complied with. What is the effect at law of such noncompliance? Before answering the previous question we should determine whether at law petitioner considered itself as summoned as the trial court seems to assume, besides considering other questions which we will specify hereinafter.

■ The fact that for the purpose of challenging the summons petitioner informs the District Court about the documents which were received by mail in its Legal Division, obviously, does not constitute an admission of the party that it had been summoned in person in conformance with law.

Let us examine now the legislative history and purpose of Rule 4.4 of the Rules of Civil Procedure.

Until 1911, § 92 of the Code of Civil Procedure, which then governed the matter we are considering now, provided

nothing about proof of service on the back of the copy of the summons which was delivered to the defendant.

By Act No. 70 of 1911 the requirement of the proof of service on the back, such as it appears today in Rule 4.4 of the Rules of Civil Procedure, was added to that section.

By Act No. 8 of 1915 the question of said proof of service was amended so as to limit it only to the date and place of delivery always under the signature of the person making the service. The part concerning the name of the person making the service and person who was being summoned was eliminated. It is under this legal situation that the cases of *Ortiz* v. *Municipal Judge of Coamo,* 26 P.R.R. 267 (1918) and *Llorens* v. *Castillo,* 22 P.R.R. 624 (1915), were decided.

When the Rules of Civil Procedure of 1943 were adopted and afterwards in their revision of 1958, the contents of the rule were restored to its present text in Rule 4.4 insofar as the proof of service on the back of the copy which is delivered to the defendant is concerned.

█ The purpose of the requirements prescribed by Rules 4.3 and 4.4 is to notify defendant, first, about the person to whom the summons was delivered so that he may determine that it was delivered to a person with legal standing to receive it for otherwise the summons is void and does not confer jurisdiction. *García* v. *Dávila,* 45 P.R.R. 159 (1933); *Federal Land Bank of Baltimore* v. *Superior Court,* 45 P.R.R. 113 (1933); *Isaach* v. *Del Toro,* 33 P.R.R. 959 (1925); second, about the date on which he was summoned so that the defendant may determine the term which the law grants him to take the measures which he deems convenient to defend his rights. *Water Resources Authority* v. *Superior Court,* 93 P.R.R. 883 (1967); *Rivera* v. *District Court,* 68 P.R.R. 625, 628 (1946); *Torres & Enseñat* v. *Alfaro,* 24 P.R.R. 683 (1917); and third, about the person serving the summons who should have the legal standing to perform it, as prescribed by the aforecited Rule 4.3. *Rivera* v. *De Arce,* 55 P.R.R. 323

(1939); *Rivera* v. *Rivera*, 31 P.R.R. 428 (1923); *López* v. *Quiñones*, 30 P.R.R. 317 (1922).

■ As petitioner indicates, it is plaintiff's duty to perform all the acts necessary to give the court complete jurisdiction over the person of the defendant by the means authorized by law without defendant being bound to cooperate thereto in any manner whatsoever. *Rivera* v. *District Court, supra.*

■ It is true that in *Lawton* v. *Porto Rico Fruit Exchange*, 42 P.R.R. 282 (1931), we said that the fact of service of the summons, and not the certificate or affidavit of service made by the person making the service is what gives the court jurisdiction. But this case is distinguishable from the case at bar in the following particulars:

"(1) The Lawton case is one where a summons served in another case is attacked in a collateral manner; (2) from the record of the case itself where allegedly there were defects in the summons, it appears that the defendant (Lawton) by means of a letter, admitted having received the summons; (3) it also appears from the record itself that the defendant stated his purpose of seeking an adjustment, or otherwise, he would procure legal representation to litigate the case; (4) said case does not raise, as it is now done, the question of lack of proof of service on the back of the copy of the summons."

In the cases where we have held that the defects in question do not render the validity of the summons void, there was evidence that the defect was not committed, evidence which was not introduced in the case at bar. *Hernández* v. *Zapater*, 82 P.R.R. 748 (1961);[1] *Rivera* v. *De Arce, supra; Arrarás* v. *Arzuaga*, 53 P.R.R. 680 (1938); *Lawton, supra; Ortiz et al.* v. *San Miguel*, 34 P.R.R. 222 (1925).

In *State ex rel. Kalich* v. *Bryson*, 453 P.2d 659 (Ore. 1969), it was said that failure to inform defendant of the

---

[1] In this case our case law is summarized and analyzed in connection with defects in the summons or in the service thereof.

time within which he must answer the complaint entitled him to assume that such notice would be delivered to him and until he receives it the machinery of the court should not be permitted to move to his detriment, which means that until then the court did not acquire jurisdiction over the person of the defendant and by virtue thereof the default judgment rendered is void. *Rees* v. *Scott,* 329 P.2d 877 (Utah 1958) ; *Utah Sand* v. *Tolbert,* 402 P.2d 703 (Utah 1965) ; *Thomas* v. *District Court,* 171 P.2d 667 (Utah 1946) ; see also, *White* v. *O'Neill,* 164 N.W.2d 79 (Iowa 1969) ; *Eastern Iowa Light & P. Coop.* v. *Interstate Power Co.,* 164 N.W.2d 135 (Iowa 1969) ; *State* v. *Montgomery,* 422 S.W.2d 661 (Mo. 1967) ; *Sharp* v. *Valley Forge Medical Center and Heart Hosp.,* 221 A.2d 185 (Pa. 1966) ; *Ronan* v. *First National Bank of Arizona,* 367 P.2d 950 (Ariz. 1962) ; *State* v. *Allison,* 328 S.W.2d 952 (Mo. 1959) ; *Weber* v. *Williams,* 324 P.2d 365 (Colo. 1958) ; *Sternback* v. *Buck,* 307 P.2d 970 (Cal. App. 1957).

What was stated in *Ortiz* v. *Municipal Judge of Coamo, supra,* and *Llorens* v. *Castillo, supra,* which may be construed as contrary to or inconsistent with the foregoing has no virtuality at present.

■ It seems clear to us that it was unnecessary to include specifically the noncompliance with the requirements of Rules 4.3 and 4.4 among the defenses recited in said Rule 10.2 for said noncompliance, as we have shown, has as a result the failure to acquire jurisdiction over the defendant. Lack of jurisdiction is one of such defenses.

In view of the foregoing, we need not discuss the other two assignments of petitioner.

Therefore, the summons in this case is declared null and without any merit or effect and by virtue thereof the judgment rendered by the Superior Court, Caguas Part, as well as the order and judgment of the District Court, Caguas Part,

are set aside, and it is ordered that the case be remanded to this last court for further proceedings.

Mr. Chief Justice, Mr. Justice Pérez Pimentel, Mr. Justice Santana Becerra, and Mr. Justice Martínez Muñoz did not participate herein.