Leo M. BAKER, Executor of the Estate of Bernice Virden Ringling, Deceased, et al., Appellees,

v.

CITY OF CEDAR FALLS, Iowa, Appellant.

No. 54261.

Supreme Court of Iowa.

April 9, 1971.

Judd E. Truax, Cedar Falls, for appellant.

Reed, Merner, Sindlinger, Baker & Sabbath, Cedar Falls, for appellees.

UHLENHOPP, Justice.

Defendant City of Cedar Falls levied special assessments upon plaintiffs' several parcels of real estate for paving streets, under chapter 391, Code, 1966. Plaintiffs desired to appeal the levy to district court. On December 5, 1968, plaintiffs served notice of appeal upon defendant; the city clerk executed acceptance of service. On December 10, 1968, plaintiffs filed their bond for costs in the office of the district court clerk. On December 27, 1968, or 22 days after service of notice of appeal, plaintiffs filed their petition in the district court clerk's office.

Defendant filed a special appearance on the ground the petition was filed too late. The trial court overruled the special appearance, tried the case on the merits, and held for plaintiffs. Hence this appeal by defendant.

Defendant urges a number of contentions before us, but we go no further than the first of them, predicated on defendant's special appearance.

The method of perfecting an assessment appeal under chapter 391 is different from the method usually prescribed. The legislature has authorized appeals from levies of special assessments in § 391.89 (as amended by 62 G.A. ch. 400, § 77). That section provides in part:

Said appeal must be perfected:

1. By serving upon the mayor or clerk, in the manner in which original notices in ordinary actions are served, within fifteen days from the date of said levy, a written notice of appeal * * * *and*

2. By filing within said fifteen days in the office of the clerk of the district court, an appeal bond * * * *and*

3. By filing in the office of the clerk of the said court within twenty days after the serving of said notice, a petition which shall briefly state the grounds of complaint against said assessment. (Italics added.)

Plaintiffs complied with subsections 1 and 2 but not with subsection 3. Their petition was not filed until the twenty-second day. (Actually, however, the twentieth day fell on Christmas, so plaintiffs had 21 days to file their petition by virtue of § 4.1(23), Code, 1966. But they were still one day late.)

This court stated in Woodard v. Iowa City, 212 Iowa 326, 329, 232 N.W. 806, 807:

No appeal lies from an assessment against property for special improvements, except as provided by statute, and such statute must have strict compliance. The statutory provisions are mandatory.

The editors state in 63 C.J.S. Municipal Corporations § 1505 at 1300, 1302–03:

The time within which appeals to judicial tribunals from special assessments shall be taken is entirely a matter of statutory regulation. The appeal must be taken within the time prescribed or the court acquires no jurisdiction thereof. * * * On appeal to a court from an assessment for public improvements, a complaint or petition need not be filed unless the filing of a petition or complaint is required by statute, in which

**812**

case compliance with the requirement of filing a complaint or petition has been held to be jurisdictional.

A statute like the present one, requiring filing of bond and petition in the judicial tribunal within a specified time, was held to mean just that in New Albany v. Lemon, 198 Ind. 127, 149 N.E. 350, on rehearing 152 N.E. 723. See also Peru v. Kreutzer, 86 Ind.App. 420, 153 N.E. 420, on rehearing 155 N.E. 515.

■ This court has held that serving notice of appeal alone is not sufficient if another step is required, such as filing bond; then that step too is essential. Woodard v. Iowa City, 212 Iowa 326, 232 N.W. 806. The statute now under consideration expressly requires a third step—filing petition within 20 days. The language of the statute is not merely permissive, it is mandatory: "Said appeal *must* be perfected," etc. (Italics added.) The three required steps are connected by the conjunctive; appeal is perfected by notice "and" by bond "and" by petition. All these steps are in the statute specifying the manner of perfecting the appeal.

■ In contrast, statutes authorizing appeals to the district court ordinarily contain initial provisions specifying the manner of perfecting an appeal and separate provisions for filing pleadings after the appeal is perfected. E.g., Code, 1966, §§ 455.94, 455.96 (drainage appeals), §§ 472.18, 472.22 (condemnation appeals). Under such statutes, the appeal is perfected and the district court acquires jurisdiction on timely compliance with the provisions on perfecting the appeal; filing the petition within the time separately specified for filing pleadings is not jurisdictional. O'Neal v. State, 214 Iowa 977, 243 N.W. 601; Elwood v. Board of Supervisors, 156 Iowa 407, 136 N.W. 709. In O'Neal the statute provided for perfecting an appeal to the district court from the award of the sheriff's jury "by giving the adverse party, his agent or attorney, and the sheriff, written notice that such appeal has been taken." Code, 1931, § 7839. Section 7841–c1 separately provided for filing petition by the first day of the next term of court. This court held the filing of the petition was not a step in the perfecting of the appeal and the district court acquired jurisdiction when the notice of appeal was timely served under § 7839. Similar statutes were involved in Elwood, a drainage case, where the court held that jurisdiction was acquired on the service of notice. See also Stewart v. Board of Supervisors, 183 Iowa 256, 166 N.W. 1052.

■ The legislature has provided in unambiguous terms in the instant statute that filing the petition within 20 days is one of the steps for perfecting an appeal. Filing a petition on the 21st day does not constitute filing it "within twenty days." Zick v. Haugh, 165 N.W.2d 836 (Iowa). Plaintiffs did not timely perfect their appeal from the levy, and the district court did not acquire jurisdiction.

Reversed.

All Justices concur except BECKER, J., who dissents.