EDNA EVELYN SUMMERLOTT, appellant, v. GOODYEAR TIRE & RUBBER COMPANY et al., appellees.

No. 50404.

OCTOBER 17, 1961.

J. R. McManus and Leo J. Tapscott, both of Des Moines, for appellant.

John Paul Jones and W. C. Hoffmann, both of Des Moines, for appellees.

GARFIELD, C. J.—The question presented is whether the original notice served upon defendants is fatally defective and

therefore conferred no jurisdiction. The trial court so held, sustained defendants' special appearances and accordingly dismissed plaintiff's petition. Plaintiff has appealed. We affirm the decision.

It seems best to set out here the original notice except for part of the statement of the cause of action. (The sufficiency of such statement is not challenged.)

## "ORIGINAL NOTICE

IN THE DISTRICT COURT OF THE STATE OF IOWA, IN AND FOR JASPER COUNTY

EDNA EVELYN SUMMERLOTT, Plaintiff,
vs.
THE GOODYEAR TIRE AND RUBBER COMPANY,
L. R. WELDON and MRS. CLYDE WALKER,
Defendants.

Law No. 71-237
24535

TO THE DEFENDANTS ABOVE NAMED:

YOU AND EACH OF YOU ARE HEREBY NOTIFIED that there is now on file in the office of the Clerk of the above-named Court the Petition of the plaintiff wherein she prays judgment against you in the sum of $100,000.00 for injuries and damages sustained by the plaintiff as a result of violation of an implied warranty on the part of the Good Year Tire & Rubber Company and negligence on the part of the other defendants in installing a gas stove, causing an explosion on July 17, 1958, at approximately 7:00 a.m.; * * *.

FOR FURTHER PARTICULARS, SEE SAID PETITION NOW ON FILE.

YOU ARE ALSO HEREBY NOTIFIED to appear before said Court at the Polk County Courthouse in Des Moines, Polk County, Iowa, within twenty (20) days after service of this Original Notice upon you and, unless you so appear, your default will be entered and judgment will be rendered against you for the relief demanded in said Petition at law." (Duly signed.)

The principal defect in the notice is that it notifies defendants "to appear before said Court at the Polk County Courthouse in Des Moines, Polk County, Iowa" rather than at the Jasper County Courthouse in Newton, Jasper County, Iowa. (Newton is the county seat of Jasper County.) The notice contains no reference to Newton as the city where the court convenes.

Defendants Weldon and Walker filed their special appearance, pursuant to rules 66 and 104(a), Rules of Civil Procedure, for the sole purpose of attacking the jurisdiction of the court on the ground the original notice is fatally defective in the above respect. Defendant Goodyear Tire & Rubber Company filed its special appearance on the same day, based on failure of the notice to name the company correctly. Concurrently with the filing of Goodyear's special appearance it filed an amendment thereto in which it claimed the notice is fatally defective in the respect first above referred to.

Attached to Goodyear's special appearance is an affidavit dated August 3, 1960, of an officer of the company in Ohio. The amendment to the special appearance was verified on August 2 by one of Goodyear's attorneys in Des Moines. In view of these dates and the filing of the amendment on August 5 concurrently with Goodyear's special appearance, no basis appears for plaintiff's claim in the trial court and in its printed argument here that the amendment was an afterthought. In oral argument plaintiff's counsel in effect conceded as much.

Plaintiff filed resistances to each special appearance in which she asserted in part that defendants were not misled to their prejudice by anything in or omitted from the original notice, as it caused them to file timely special appearances, indicating they knew in what court the action was brought. Also that any irregularity in the notice was harmless and there is no reasonable ground to believe defendants were thereby misled, nor do they so claim.

As before indicated, the trial court held the original notice fatally defective in notifying defendants to appear "at the Polk County Courthouse in Des Moines, Polk County, Iowa" rather than at the Jasper County Courthouse in Newton, Jasper

County, Iowa. The special appearance of defendants Weldon and Mrs. Walker was sustained and Goodyear's was also sustained on the ground stated in the amendment thereto. Goodyear's special appearance was overruled as to the ground originally set up, based on the use of an alleged incorrect name.

Goodyear does not attempt to support the ruling on the ground asserted in its original special appearance and we give it no consideration.

 "A civil action is commenced by serving the defendant with an original notice." Rule 48, Rules of Civil Procedure. "To commence an action under rule 48 one must serve the adverse party with a notice which conforms with the requirements of rule 50, R. C. P." Mazzoli v. City of Des Moines, 245 Iowa 571, 574, 63 N.W.2d 218, 219.

So far as material here the requirements of rule 50 are: "Contents of original notice. The original notice shall be directed to the defendant, and signed by plaintiff or his attorney with the signer's address. *It shall name the plaintiff, the court, and the city or town, and county where the court convenes.* It shall state either that the petition is on file in the office of the clerk of the court where the action is brought, or that it will be so filed by a stated date, which must not be more than ten days after service. *It shall notify defendant to appear before said court* within the specified number of days after service required by rule 53 or rule 54, and that unless he so appears, his default will be entered and judgment or decree rendered against him for the relief demanded in the petition. \* \* \*." (Emphasis added.)

It is perhaps unnecessary to observe that we have repeatedly held our Rules of Civil Procedure have the force and effect of statutes. Halverson v. Hageman, 249 Iowa 1381, 1388, 92 N.W.2d 569, 574, and citations.

 As stated, this original notice makes no reference to Newton as the city where the District Court of Jasper County convenes. Also as stated, the notice notifies defendant "to appear before said Court at the Polk County Courthouse in Des Moines, Polk County, Iowa," rather than at the Jasper County Courthouse in Newton where his appearance was required. We

are asked to hold these are mere irregularities in the notice rather than substantial defects which are fatal to the jurisdiction of the Jasper County court. This we cannot do.

■ The requirements of rule 50 which we have emphasized are mandatory. They are as important as any contained in the rule. Compliance with them is essential to the court's jurisdiction. It seems apparent that the purpose of requiring the notice to state the city and county where the court convenes is to inform the defendant where he must appear in response to notice "to appear before said court." These defendants were notified to appear in the wrong courthouse, in the wrong city and county.

"The statute exacting the designation in the notice of the time and place for the appearance of the persons served always has been held to be mandatory, and the service of a notice, not containing such designation, confers no jurisdiction [citations]." Cummings v. Landes, 140 Iowa 80, 84, 117 N.W. 22, 24. A notice which contains a wrong designation of the place for defendant's appearance is as misleading as one containing no designation of such place.

Pendy v. Cole, 211 Iowa 199, 201, 233 N.W. 47, holds, in accordance with prior decisions, an original notice which fixes the date of the term at which defendant is to appear as of a certain mistaken date is misleading and the mistake is fatal to validity of the notice, although the statute then in effect did not require the notice to state the date of beginning of the term. Union Savings Bank & Trust Co. v. Carter, 214 Iowa 1131, 1132, 1133, 243 N.W. 523, is a like decision.

■ It is as important for a defendant to be correctly notified where he is to appear as to be notified when his appearance is required. There is no room for a holding that one of these two requirements of rule 50 is jurisdictional and the other is not. In re Estate of Durham, 203 Iowa 497, 498, 211 N.W. 358.

Rhodes v. Oxley, 212 Iowa 1018, 1021, 235 N.W. 919, holds an original notice was void which might be deemed sufficient to advise the defendant that the asserted jurisdiction was in one of two named counties, without advising him with certainty which one. Clearly the notice here does not advise defendants

with certainty that jurisdiction was asserted in Jasper County rather than Polk.

42 Am. Jur., Process, section 14, states: "Process must specify a time and place for the defendant to appear and defend the action or proceeding which has been instituted against him. * * * Jurisdiction is held not to be conferred by a summons which commands the defendant to appear at a place other than that at which the court is sitting."

72 C. J. S., Process, section 13, contains this: "The process should designate the court in which the action is brought and in which defendant should appear. * * * and, if the process requires defendant's appearance before the court, the place of holding the court must be named with reasonable certainty, unless fixed by law. There should be due compliance with statutory provisions requiring the process to state * * * the place where the answer is to be filed * * *. The process is vitiated by an untrue and misleading statement therein as to * * * the county, or the place where the answer is to be served, or by a statement which is so uncertain as to make it doubtful in which one of two named counties defendant is to appear; * * *."

We have considered the precedents plaintiff cites. None goes as far as plaintiff would have us and we think no Iowa decision would support a reversal. Jacobson v. Leap, 249 Iowa 1036, 88 N.W.2d 919, on which we divided 5 to 3, comes closer to doing so than any other Iowa case. The mistake in the notice there was the statement the petition was on file in the District Court of Webster County rather than Washington County. In other respects the notice complied with rule 50. We reasoned that since the notice correctly required appearance in the District Court of Washington County at the courthouse in Washington, Iowa, the reference to Webster County as the place of filing the petition was an obvious mistake, not fatal to jurisdiction. That the Jacobson decision is not authority for plaintiff here appears from this language in it (pages 1040, 1041 of 249 Iowa, page 922 of 88 N.W.2d): "Had the instant notice, after stating that the petition was on file in Webster County, merely required appearance in said county, the situation would be somewhat similar to that found in Rhodes v. Oxley, supra, and we

could readily go along with appellants' contention that the notice was fatally defective."

We are unwilling to extend the Jacobson decision to an original notice such as this which requires appearance in the wrong courthouse in the wrong city and county and does not name the city in which defendants' appearance should have been required.

Plaintiff also cites State ex rel. Hanrahan v. Miller, 250 Iowa 1358, 1365–1368, 96 N.W.2d 474, 479–480, which holds failure of the original notice to contain the address of its signer as rule 50 requires was not, under the facts, a fatal defect but an irregularity only. There plaintiff was the State on the relation of "Ray Hanrahan as County Attorney of Polk County" and defendant "had business with the County Attorney's office not long prior to the filing of this suit." (Page 1368 of 250 Iowa, page 480 of 96 N.W.2d.) It is obvious the notice now before us is a much greater departure from rule 50 than the notice to Miller.

Halverson v. Hageman, supra, 249 Iowa 1381, 1388, 92 N.W.2d 569, 574, also cited by plaintiff, holds a judgment was void because of lack of compliance with rules 50 and 53. The opinion refers to failure of the original notice to contain the signer's address as a defect of a less serious character than others which are pointed out.

Plaintiff relies on language in Jacobson v. Leap, State ex rel. Hanrahan v. Miller, Halverson v. Hageman and Rhodes v. Oxley, all supra, to the effect we have adopted a liberal attitude toward defects in original notices. In the Halverson and Rhodes cases the notice was held fatally defective notwithstanding the language in the opinions to which plaintiff calls attention. Unless we are to ignore important requirements of rule 50, compliance with which is essential to the court's jurisdiction, this notice cannot be upheld on the ground rule 50 should be liberally construed.

■ Plaintiff argues that because defendants filed their special appearances in the District Court of Jasper County the notice served its purpose and should not be held fatally defective. We are unwilling to agree that the filing of a special

appearance in the court where the petition is on file is conclusive that the original notice served upon defendant is not fatally defective. This is about what we are asked to hold. The effect of such a rule would be to nullify in part rules 66 and 104(a) which permit a special appearance for the sole purpose of attacking the jurisdiction of the court for "insufficiency of the original notice, * * *." 104(a).—Affirmed.

All JUSTICES concur except BLISS, J., not sitting.