Marjorie P. Bice, appellant, v. Incorporated City of Urban-dale, appellee.

No. 51988.

(Reported in 141 N.W.2d 639)

April 5, 1966.

J. Blaine Phipps, of Des Moines, for appellant.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellee.

RAWLINGS, J.—Plaintiff caused a petition to be filed in Polk County District Court by which she sought damages from defendant-city.

Concurrently an instrument designated original notice was served upon the city clerk, the material portions of which provided as follows: "IN THE DISTRICT COURT OF THE STATE OF IOWA IN AND FOR POLK COUNTY * * *

"TO THE ABOVE-NAMED DEFENDANT:

"You are hereby notified that the petition of the above-named plaintiff is now on file with the Clerk of the above-named Court, demanding of you judgment in the amount of $20,000.

"FOR FURTHER PARTICULARS, SEE COPY OF PETITION ATTACHED HERETO.

"You are further notified that unless you so appear before the above-named Court within 20 days after service of this notice upon you, your default will be entered and judgment rendered against you as prayed for in plaintiff's petition. * * *."

By special appearance defendant challenged jurisdiction of the court due to plaintiff's failure to name, in her original notice, the city or town where the court convened.

The trial court sustained defendant's special appearance and plaintiff appealed.

I. The relevant portions of rule 50, Rules of Civil Procedure, provide as follows: "The original notice shall be directed to the defendant, and signed by plaintiff or his attorney with the signer's address. *It shall name* the plaintiff, the court, and *the city or town, and county where the court convenes.* It shall state either that the petition is on file in the office of the clerk of the court where the action is brought, or that it will be so filed by a stated date, which must not be more than ten days after service. *It shall notify defendant to appear before said court* within the specified number of days after service required by rule 53 or rule 54, and that unless he so appears, his default will

be entered and judgment or decree rendered against him for the relief demanded in the petition. * * *." (Emphasis supplied.)

 We have previously held the requirements of the rule which we have italicized are mandatory; compliance with these clearly enunciated dictates is essential to jurisdiction of the court; and that rule 50 has the status of a statute. Summerlott v. Goodyear Tire & Rubber Co., 253 Iowa 121, 125, 126, 111 N.W. 2d 251, 93 A. L. R.2d 371.

 Furthermore, the terms and provisions of the subject rule are clear and unmistakable and may not be changed or altered because of hardship or misfortune which may at times result from its application. Evans v. Ober, 256 Iowa 708, 713, 129 N.W.2d 78.

And in Parkhurst v. White, 254 Iowa 477, 481, 118 N.W.2d 47, this court said: "There can be little question as to what is required in the notice. The words used are abundantly clear."

In the same case we held the requisites of process are matters of statutory regulation and a notice must contain whatever is prescribed by the applicable statute.

 II. It answers nothing to say a resident of Polk County must surely know, or could by inquiry ascertain, the name of the city or town where the district court of that county convenes.

Presumed or possible knowledge on the part of a named defendant will not serve to supply information which the law requires be set forth in a jurisdictional notice.

Admittedly the notice with which we are here concerned did not mislead defendant, but it did fail to set forth material information specifically required by law.

 And a failure to comply with the precise and clearly stated requirements of rule 50 is certainly more than a mere irregularity. The rule says what it means and means what it says. Any holding to the contrary would simply subject the rule to doubt and uncertainty which would in turn lead to needless confusion and turmoil.

We can only conclude plaintiff's failure to specify in her original notice the city or town where the court convened was not a substantial compliance with rule 50 and prejudice is presumed.

III. The trial court correctly sustained defendant's special appearance.—Affirmed.

All JUSTICES concur.