JOHN GORDON, administrator of estate of Joan Gordon, deceased, et al., minors, appellants, v. MARVIN DODEN, appellee.

No. 52661.

(Reported in 154 N.W.2d 146)

NOVEMBER 14, 1967.

William F. Sueppel and Gary M. Veldey, both of Iowa City, for appellants.

Remley & Heiserman, of Anamosa, for appellee.

LEGRAND, J.—On November 15, 1966, John Gordon as administrator filed a petition asking damages for the wrongful death of Joan Gordon, who died following an automobile accident on November 20, 1964. Other plaintiffs joined in the suit against defendant for personal injuries arising out of this accident. They will be jointly referred to herein as plaintiff.

This action challenges the sufficiency of the original notice served on defendant because of its failure to comply with rule 50, Rules of Civil Procedure. The specific defect claimed is that the notice did not name the city or town where the District Court of Dubuque County convenes. In all other respects the notice was unobjectionable. Defendant filed a special appearance attacking the jurisdiction of the court on the ground that the original notice was void because of this failure to designate the city or town, even though it did notify defendant "to appear before said court at Dubuque County courthouse in Dubuque County, Iowa." Plaintiff appeals from an order sustaining defendant's special appearance.

As is true in most cases reaching us under circumstances such as exist here, plaintiff's failure to comply with rule 50 would be unimportant except for the running of the statute of limitations. If the notice were held to be fatally defective, plaintiff would then serve a new original notice which complied with rule 50. Here, however, it is obvious plaintiff's action is now barred unless we hold jurisdiction was conferred by the original notice here under attack. Otherwise plaintiff will be deprived of an opportunity to try this case upon its merits. This is a result no court likes to reach. However, we have said on a number of occasions and in many different ways that we may not permit ourselves to be influenced by such considerations. In Krebs v. Town of Manson, 256 Iowa 957, 963, 129 N.W.2d 744, 748, we acknowledged the cause of action would be barred unless jurisdiction were sustained but said, "We cannot, however, ignore a clear statutory requirement to achieve what appears to be the best result in a particular case. Such action almost always makes bad law."

The same situation confronted us in Evans v. Ober, 256 Iowa 708, 713, 129 N.W.2d 78, 80, where we said, "This is of course unfortunate, but we must follow the law as prescribed by rule 50 and applied in our previous decisions * * * the rules are clear and may not be changed because of hardship or misfortune." And again in our recent case of Bice v. Incorporated City of Urbandale, 258 Iowa 1013, 1015, 141 N.W.2d 639, 640, we reiterated this position in this language, "Furthermore, the terms and provisions of the subject rule [rule 50] are clear and unmistakable and may not be changed or altered because of hardship or misfortune which may at times result from its application."

Our previous holdings have firmly established that the provisions of rule 50 are mandatory; that the rule has statutory status; and that compliance with the rule is required in order to obtain jurisdiction. It is the only method by which a plaintiff may compel a defendant to submit to the court for a binding adjudication of their differences. Summerlott v. Goodyear Tire & Rubber Co., 253 Iowa 121, 111 N.W.2d 251, 93 A.L.R.2d 371; Halverson v. Hageman, 249 Iowa 1381, 92 N.W.2d 569;

Parkhurst v. White, 254 Iowa 477, 118 N.W.2d 47; Bice v. Incorporated City of Urbandale, supra.

It is true that not all departures from the literal language of the rule have been held to be fatal. Appellant reminds us that in Jacobson v. Leap, 249 Iowa 1036, 88 N.W.2d 919, as well as in State ex rel. Hanrahan v. Miller, 250 Iowa 1358, 96 N.W.2d 474, and Krueger v. Lynch, 242 Iowa 772, 48 N.W.2d 266, we found original notices to be valid even though there was not a perfect compliance with rule 50. The distinction we have made throughout our decisions is between a mere irregularity in the original notice and a substantial defect therein. This is explained in Parkhurst v. White, supra, where we say that mere irregularities relating principally to the form of the notice or to technical or clerical errors will not be fatal to the jurisdiction of the court, but that a substantial departure from the requirements of the rule will make the notice void. This is true even though defendant has not been misled and no prejudice exists.

The question we must answer then is whether the defect in the case at bar is a mere irregularity or a substantial departure from the provisions of rule 50. In no case where jurisdiction has been upheld has there been a failure to name the city or town where the court convened. We have invariably held that such an omission is fatal to the notice. We consider this case ruled by Summerlott v. Goodyear Tire & Rubber Co., Evans v. Ober and Bice v. Incorporated City of Urbandale, all supra. Both the Summerlott case and the Evans case distinguish Jacobson v. Leap, supra, upon which plaintiff relies.

We are confronted here with a situation in which the irregularity complained of appears, at first glance, to be inconsequential. We must agree with plaintiff that defendant was not misled nor deceived in any way. Certainly no prejudice resulted, but this argument was effectively answered in Bice v. Incorporated City of Urbandale, supra, at page 1015 of 258 Iowa Reports.

Rules, especially those which fix jurisdictional matters, are not mere technicalities to be observed or ignored as the particular exigencies dictate. They are vital to the proper

conduct of court business. In this regard we repeat what we said in Esterdahl v. Wilson, 252 Iowa 1199, 1208, 110 N.W.2d 241, 246:

"The so-called technicalities of the law are not always what they seem. When they establish an orderly process of procedure, they serve a definite purpose and are more than technical; they have substance, in that they lay down definite rules which are essential in court proceedings so that those involved may know what may and may not be done, and confusion, even chaos, may be avoided. They are necessary; without them litigants would be adrift without rudder or compass. We have, and should have, no compunction in following them when they are clear and definite."

█ Plaintiff argues, quite ingeniously, that rule 50 is complied with because the word "Dubuque" appears several times in the original notice. It never appears, however, as a designation of the city or town where the court convenes, and the fact that the word itself is used in another context does not satisfy the rule. Plaintiff also urges us to exercise our editorial license by placing several strategic commas in the notice, by which device we could justify the conclusion that at one place therein the city of Dubuque was referred to. We find it impossible to follow this suggestion without completely destroying the meaning of the draftsman. If we are to hold that this is a valid original notice, we should do so by overruling our previous decisions to the contrary rather than by resorting to such sophistry.

█ We hold, as did the trial court, that the failure to designate in the original notice the city or town in which the court convenes is a substantial defect which renders the original notice void. The order of the trial court sustaining this special appearance is—Affirmed.

All JUSTICES concur except BECKER, J., who dissents.