**Alta McARTOR and Howard McArtor, Appellants,**

v.

**PETE'S CAFE, a/k/a Pete's Truck Stop Cafe, Juan P. Byers, Truck Fuels Service Company; Delbert Danley; American Oil Company, a corporation; and Irene King, Appellees.**

No. 53816.

Supreme Court of Iowa.

March 10, 1970.

Roland D. Peddicord and Ronald L. Sutphin, Des Moines, Donald Lipman, Chicago, Ill., for appellants.

Randy Duncan, Jr., and Thomas A. Finley, Des Moines, for appellees.

MASON, Justice.

March 10, 1969, Alta and Howard McArtor filed this law action to recover damages for injuries sustained by Mrs. McArtor from a fall alleged to have been proximately caused by defendants' negligence in spilling hot coffee on her while a customer in Pete's Cafe in Des Moines March 13, 1967. In one division she claims damages for possible scars and disfigurement, loss of earnings and pain suffered as a result of her injuries. In a separate division as a basis for further recovery her husband asserts that as a proximate consequence of defendants' negligence he sustained loss of his wife's affection,

society, companionship and consortium, and incurred medical expenses for her treatment.

Defendants are alleged to be the owners and operators of the cafe.

The matter reaches us on plaintiffs' appeal assigning one error in which they contend the trial court erred in sustaining defendants' special appearance.

Plaintiffs' attorney mailed the petition and five copies with copies of the original notice and written directions to the clerk of the Polk County district court to file the petition and have the original notices and copies of the petition served. The petition and copies were filed in the clerk's office March 10. The same day only the original notices were delivered to the sheriff's office. His return of service certifies the original notices were served March 11 on all defendants except Irene King. A petition was not attached to any of the original notices served. The five carbon copies of plaintiffs' petition remained in the clerk's file.

March 20 defendants filed special appearance attacking the jurisdiction of the Polk district court asserting no valid original notice had been served on any defendants and the purported original notices were defective and insufficient to confer jurisdiction on the court over them because (1) no copy of the petition was attached to the original notice, nor did the notice contain a general statement of the cause or causes of action as required by the provisions of rule 50, Rules of Civil Procedure and (2) the relief demanded appears to be for money damages, but the notice did not contain a statement of the amount thereof, as expressly required in rule 50, R.C.P.

I. This rule provides:

"Contents of original notice. The original notice shall be directed to the defendant, and signed by plaintiff or his attorney with the signer's address. It shall name the plaintiff, the court, and the city or town, and county where the court convenes. It shall state either that the petition is on file in the office of the clerk of the court where the action is brought, or that it will be so filed by a stated date, which must not be more than ten days after service. It shall notify defendant to appear before said court within the specified number of days after service required by rule 53 or rule 54, and that unless he so appears, his default will be entered and judgment or decree rendered against him for the relief demanded in the petition. *A copy of the petition may be attached; but if it is not* or if the service is by publication *the notice shall contain a general statement of the cause or causes of action and the relief demanded, and, if for money, the amount thereof"* (Emphasis supplied).

■ In Parkhurst v. White, 254 Iowa 477, 480–483, 118 N.W.2d 47, 49–51, this court held the requirements of rule 50, R.C.P., emphasized above, are mandatory and failure of the original notice to state amount of money damages demanded constituted a substantial noncompliance with the rule of civil procedure pertaining to contents of original notice; such failure cannot be classified as a mere technical and formal defect nor a mere clerical error and thus, where the defect is substantial, the question of actual prejudice does not become controlling. The requirement to set forth the amount of money claimed is vital to the validity of the notice and jurisdiction of the court.

In Krebs v. Town of Manson, 256 Iowa 957, 960, 129 N.W.2d 744, 746, in determining that the original notice to which a copy of the petition was not attached and which did not contain a statement of the cause of action was defective we said "an original notice which does not contain the matter required by rule 50 is fatally defective and does not confer jurisdiction over the party served with such defective notice. * * * The notice * * * did not contain a statement of the cause of

action and was fatally defective. The rule of liberal construction of irregularities did not apply."

Bice v. Incorporated City of Urbandale, 258 Iowa 1013, 1015, 141 N.W.2d 639, 640, contains this, " * * * [A] failure to comply with the precise and clearly stated requirements of rule 50 is certainly more than a mere irregularity. The rule says what it means and means what it says. Any holding to the contrary would simply subject the rule to doubt and uncertainty which would in turn lead to needless confusion and turmoil."

In Gordon v. Doden, Iowa, 154 N.W.2d 146, 147–148, in repeating our previous holdings that rule 50 has statutory status and compliance with its requirements is mandatory in order to obtain jurisdiction, we declared:

"It is the only method by which a plaintiff may compel a defendant to submit to the court for a binding adjudication of their differences. * * * [Citing authorities].

" * * *.

"Rules, especially those which fix jurisdictional matters, are not mere technicalities to be observed or ignored as the particular exigencies dictate. They are vital to the proper conduct of court business."

The foregoing pronouncements are summarized in White v. O'Neill, Iowa, 164 N.W.2d 79, 80 in this language:

"It is too well settled for discussion that compliance with rule 50 is required in order to obtain jurisdiction. Compliance with this rule is the only method by which a plaintiff may compel a defendant to submit to the court for a binding adjudication of their differences. Our previous holdings have firmly established that the provisions of rule 50 are mandatory and that the rule has statutory status. * * * [Citing authorities]."

In Parkhurst v. White, supra, 254 Iowa at 480, 118 N.W.2d at 49, we drew a distinction between irregularities in a notice which are not fatally defective if no prejudice to defendant is shown, and defects which do not substantially comply with the statute and are jurisdictional. The opinion discusses and clearly explains these differences.

Except for the caption and signatures, the following is a copy of the original notice served:

"TO THE ABOVE NAMED DEFENDANTS:

"You are hereby notified that a petition of the above named plaintiffs in the above entitled action is now on file in the office of the clerk of the above named Court and a copy of which petition is hereto attached. You are also hereby notified to appear before said Court at Des Moines, in Polk county, state of Iowa, within -20- days after service of this notice upon you and that unless you so appear and file appearance, motion or pleading, your default will be entered and judgment or decree will be entered against you for the relief demanded in the petition."

It is obvious this notice contains neither a general statement of the cause or causes of action nor the amount of money demanded in relief.

■ Compliance, substantial or otherwise, can only be acquired by stating in the notice the sum claimed, no other method will suffice when a copy of the petition with its prayer for the amount of relief demanded is not attached. Parkhurst v. White, supra, 254 Iowa at 482–483, 118 N.W.2d at 50.

For an examination of cases discussing the sufficiency of a general statement of the cause of action in an original notice when a copy of the petition is not attached, see Krebs v. Town of Manson, supra, 256 Iowa at 960–962, 129 N.W.2d at 746–747.

■ II. Plaintiffs concede this court has mandatorily applied the requirements of rule 50 and our rules of civil procedure have the force and effect of a statute. But they contend the foregoing authorities enunciating these propositions of law are not controlling here where the fault in not attaching the petition to the notices served is traceable to a third party rather than plaintiffs or their attorney. They argue it would be unduly harsh to preclude them a trial on the merits of their causes of action where a mistake has been made through no fault of their own. They argue the fact their attorney relied upon a public employee in the clerk of court's office to deliver the original notices to the sheriff for service should relieve them from the consequences of a service deficient in substance due to the mistake of the clerk's employee. The argument is without merit.

Under our practice the clerk does not issue the original process or deliver it for service to the sheriff or other person authorized to make service under rule 52, R.C.P., as is the practice under rule 4(a), Federal Rules of Civil Procedure.

■ We are aware of no requirement that the clerk of court or anyone in his employ be responsible for furnishing the sheriff with original notices in the proper form to confer jurisdiction on the court.

It is the responsibility of the parties or their attorney to deliver a proper original notice in order to toll the statute of limitations under rule 49, R.C.P.

■ When defendants made a direct attack upon the court's jurisdiction by special appearance, it was plaintiffs' burden to sustain the requisite jurisdiction. Jansen v. Harmon, Iowa, 164 N.W.2d 323, 326, and citations. Plaintiffs did not submit any affidavits in opposition to the special appearance as provided by rules 80(b) and 116, R.C.P. Tice v. Wilmington Chemical Corp., 259 Iowa 27, 34, 141 N.W.2d 616, 621, opinion supplemented in 259 Iowa 47, 143 N.W.2d 86. The copy in the record of a transmittal letter from plaintiffs' attorney to the clerk's employee is not the type of evidence contemplated under the rules of civil procedure cited, supra. It constituted neither an "affidavit of the person or persons knowing the facts requisite to such relief" nor a form of proof to which the parties agreed nor one the court directed. Thus it is not entitled to consideration in determining whether plaintiffs have made a prima facie showing on the jurisdictional issue.

■ III. We do not agree with plaintiffs' contention a reversal of the trial court's ruling will not violate settled and necessary rules or that their appeal presents a case for the exercise of the court's equitable powers to grant them relief.

In Krebs v. Town of Manson, supra, 256 Iowa at 959–960, 129 N.W.2d at 746, we quoted this comment of the author under rule 50 in Cook's Iowa Rules of Civil Procedure as informative and pertinent:

" 'The requirements of this Rule—indeed of this whole Division—are jurisdictional. Perhaps nowhere (except in notices of appeal) is failure to comply fully and literally with a Rule so disastrous as under this Division. It deals with how the court gets jurisdiction.

" 'The courts cannot relax these Rules, because they have no jurisdiction to exercise any discretion, or do any act, until they acquire it in the manner here specified. The prior Iowa cases as to the fatal consequences of departing from this and the following Rules, are in full force.' "

The following statement from the Krebs opinion (256 Iowa at 963, 129 N.W.2d at 748) is apposite:

"This is an unfortunate result and is another in the recent epidemic of cases in which a cause of action has been barred by the statute of limitations because of a defective original notice. It is another example of the dangers inherent in postponing an action too long. We cannot,

however, ignore a clear statutory requirement to achieve what appears to be the best result in a particular case. Such action almost always makes bad law."

 The original notices were invalid and the trial court was correct in sustaining defendants' special appearance.

The cause is therefore affirmed.

All Justices concur except UHLENHOPP, J., who takes no part.