**STAMPFER BUILDING COMPANY, Appellant,**

v.

**BOARD OF REVIEW OF CITY AND COUNTY OF DUBUQUE, Iowa, Appellee.**

**NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY et al., Appellants,**

v.

**BOARD OF REVIEW OF CITY AND COUNTY OF DUBUQUE, Iowa, Appellee.**

**Nos. 54664, 54665.**

Supreme Court of Iowa.

Feb. 25, 1972.

O'Connor, Thomas, Wright, Hammer & Bertsch, Dubuque, for appellants.

R. N. Russo, and Fuerste & Carew, Dubuque, for appellee.

MASON, Justice.

Two appeals from the district court's ruling sustaining appellee's special appearances in appeals to that court from decisions of Board of Review on real estate tax assessments have been consolidated for review by this court. They present the question of the sufficiency of appellants' notices of appeal.

Appellants filed separate protests of the 1970 real estate assessments on their properties located on Main Street in the city of Dubuque. The protests were in the form of petitions addressed to "The Honorable Board of Review of the City of Dubuque, County of Dubuque, State of Iowa." The Board of Review made a reduction in the assessed valuations of the land in each case but left the assessed valuations of appellants' buildings unchanged.

Each appellant filed with the Dubuque district court a notice of appeal to which was attached: (1) petition on appeal from real estate assessment, (2) petition to Board of Review (tax protest) and (3) proof of service of notice of appeal.

The notice of appeal in each instance was directed to and served upon "Leo F. McDonough, Chairman of the Board of Review of City *and* County of Dubuque, Iowa." (emphasis supplied)

The Board of Review of City of Dubuque, Iowa, filed special appearances in each case asserting, (1) that there is no public entity known as the Board of Review of the City *and* County of Dubuque, Iowa, (2) if notice was intended to be served on Board of Review of Dubuque County, Iowa, there was no return of service showing such service, and (3) notice is inadequate and improper because it was not served on Leo F. McDonough, Chairman of Board of Review of the City of Dubuque, Iowa.

The special appearances were supported by affidavits stating there is a Board of Review of the City of Dubuque, Iowa, and a Board of Review of the County of Dubuque, Iowa, but that there is no such entity as the Board of Review of the City *and* County of Dubuque, Iowa.

Appellee states in its special appearance that Leo F. McDonough is chairman of the Board of Review of the City of Dubuque, Iowa.

The district court sustained each special appearance.

In the appeals to this court each appellant assigns one error relied on for reversal in which it asserts the trial court erred in sustaining the special appearance because a notice of appeal from real estate tax assessment of property situated in the city of Dubuque, Iowa, directed to and served upon Leo F. McDonough, chairman of the Board of Review of *City and County of Dubuque, Iowa,* is sufficient compliance with notice of appeal requirements of Iowa Code section 441.38 to give the Dubuque district court jurisdiction over appeals from action of Board of Review of the *City of Dubuque,* Iowa, whose chairman is Leo F. McDonough.

Section 441.38, The Code, 1966, which appears unchanged as the same section in the 1971 Code, provides in part:

"Appeal to district court. Appeals may be taken from the action of the board of review with reference to protests of assessment, to the district court of the county in which such board holds its sessions within twenty days after its adjournment. * * * Appeals shall be taken by a written notice to that effect to the chairman or presiding officer of the board of review and served as an original notice."

I. Appellants contend there is no statute prescribing any official name by which boards of review in Iowa must be designated in notices of appeal. They point out each county has a board of review and cities of a certain population may have such board (Code sections 441.1 and 441.51); every city board of review is located in a county and assessment decisions of the city boards of review affect taxes levied for support of county governments in which the cities are located.

Appellants assert section 441.38 requires (a) a written notice of appeal, (b) to the chairman of the board of review, (c) served as an original notice.

They argue the notices of appeal involved in the matter before us complied with these Code section requirements because each was directed to and served upon Leo F. McDonough, chairman of the Board of Review of City of Dubuque, Iowa, and the words "and county" were harmless surplusage as the notices stated the property involved was located in the city of Dubuque in Dubuque county, Iowa.

It is conceded the correct designation of the body whose decision is being appealed is the "Board of Review of the City of Dubuque."

In written argument appellants insist Barton v. City of Waterloo, 218 Iowa 495, 255 N.W. 700; Esterdahl v. Wilson, 252 Iowa 1199, 110 N.W.2d 241 and Shields v. Heinold, 253 Iowa 898, 114 N.W.2d 302, which the district court relied on, do not support its ruling sustaining appellee's special appearance.

Appellee, on the other hand, asserts since there is no entity known as "Board of Review of City and County of Dubuque, Iowa," the written notice of appeal under consideration did not notify the Board of Review of the City of Dubuque, Iowa, of the appeal.

Appellee maintains the district court's jurisdiction in appeals from decisions of the board of review is not one of original jurisdiction but is purely statutory depending for its existence upon compliance with statutory prerequisites to the court's taking cognizance of the case. It further argues the fact the notice of appeal was actually served upon Leo F. McDonough, who was admittedly chairman of the Board of Review of the City of Dubuque, does not cure an otherwise defective notice. In connection with this argument it is conceded the only defect in the notice under consideration is in the address or salutation clause following "Leo F. McDonough."

Barton v. City of Waterloo, supra, concerned a personal injury action purporting to be commenced against defendant for injuries received by plaintiff's decedent. The original notice was addressed to Charles MacKay, city clerk, without naming the city of which he was clerk.

Esterdahl v. Wilson, supra, had reference to a suit against a nonresident motorist where service of original notice was attempted under Code sections 321.498 to 321.505.

In Shields v. Heinold, supra, Arthur A. Heinold was named as defendant in the petition. The original notice was addressed to Arthur H. Heinold and served on the wife of Arthur Duane Heinold. The appeal was from the court's ruling sustaining the special appearance. The case presented a situation where three different names had sufficient variations to indicate three different people. Interpretation of rule 50, Rules of Civil Procedure, was involved.

■ Other than establishing that the provisions of rule 50, R.C.P., are mandatory and compliance with the rule is required in order to obtain jurisdiction in original proceedings, Gordon v. Doden, 261 Iowa, 285, 287–288, 154 N.W.2d 146, 147, these cases do not aid appellee's position.

Midwestern Real. Co. v. City of Des Moines, 210 Iowa 942, 945, 231 N.W. 459, 460, relied on by appellee, dealt with section 7133, The Code 1924. That section is substantially similar to the first and last sentences of section 441.38, The Code, which are set out, supra. In the cited case the notice was addressed "To the Honorable Mayor and the City Council of Des Moines" sitting as a board of review. It was not addressed to any person by name.

This statement from the opinion supports appellee's position that the district court's jurisdiction in the matter before us is not one of original jurisdiction:

"This statute [section 7133] prescribes and defines the method of taking the appeal. The district court has no original jurisdiction in such case. Its jurisdiction, on appeal from the statutory reviewing board, is itself purely statutory, and depends for its existence upon compliance with statutory prerequisites to its taking cognizance of the case. * * *"

However, later in the opinion there is this statement: "* * * The service of notice in substantial accord with the statutory requirements is a prerequisite to the jurisdiction of the court to review the action of the board. * * *"

Appellants rely on Jacobson v. Leap, 249 Iowa 1036, 88 N.W.2d 919, which considered a claimed defect in an original notice for the contention that Iowa law has changed from a strict literal compliance with requirements for notice to a rule of liberal construction to avoid defeating actions because of technical and formal defects which could not reasonably have misled a party. However, Summerlott v.

Goodyear Tire & Rubber Co., 253 Iowa 121, 111 N.W.2d 251; Parkhurst v. White, 254 Iowa 477, 118 N.W.2d 47; Evans v. Ober, 256 Iowa 708, 129 N.W.2d 78; Bice v. Incorporated City of Urbandale, 258 Iowa 1013, 141 N.W.2d 639, and Gordon v. Doden, 261 Iowa 285, 154 N.W.2d 146 and cases cited in those opinions do not support appellants' contention. These decisions have consistently refused to extend the decision in Jacobson v. Leap to an original notice defective in the particulars being considered in the cited cases.

The statements of law in the cited cases may be summarized as expressing the view substantial defects in the vital requirements of original process are fatal to the court's jurisdiction regardless of prejudice. Gordon v. Doden, 261 Iowa at 288, 154 N.W.2d at 147–148.

With one exception, Midwestern Real. Co. v. City of Des Moines, 210 Iowa 942, 231 N.W. 459, the cases cited have dealt with original notices under rule 50, R.C.P., rather than with notices of appeal from the decision of an administrative board. Nevertheless, we have considered them helpful in dealing with the contentions of the parties.

■ II. Relative to the question of the sufficiency of appellants' notice of appeal it will be recalled the protests in the form of petitions filed in this matter were addressed to "The Honorable Board of Review of the City of Dubuque, County of Dubuque, State of Iowa." If the notice of appeal had followed a similar pattern and had been addressed to "Leo F. McDonough, Chairman of the Board of Review of the City of Dubuque, County of Dubuque, State of Iowa," we seriously doubt this appeal would be before us, particularly in view of Gordon v. Doden, supra. Instead of following that pattern, the notice as pointed out was addressed to Mr. McDonough, "Chairman of the Board of Review of City and County of Dubuque, Iowa." It is appellants' view the words

"and county" are surplusage. In appellee's opinion these words are fatal to the jurisdiction of the district court.

In our opinion the requirements of section 441.38 as urged by appellants in division I, supra, have been substantially complied with. The notices were written, addressed to the chairman of the board of review by his proper name, Midwestern Real. Co. v. City of Des Moines, 210 Iowa 942, 231 N.W. 459, and served on him as an original notice. We are convinced the notices under consideration are in substantial accord with the statutory requirements and the addition of the words "and county" is not such a substantial departure as to render the notices fatal to the jurisdiction of the district court.

With directions to the district court to set aside its orders sustaining appellee's special appearances and to proceed with the matter in accordance with chapter 441, the cases are—

Reversed and Remanded.

All Justices concur except BECKER and HARRIS, JJ., who take no part.