Fred MARKS, Appellee,

v.

SHINRONE, INC., a corporation,
Appellant.

No. 55778.

Supreme Court of Iowa.

Aug. 28, 1974.

Gleysteen, Nelson, Harper, Kunze & Eidsmoe, Sioux City, for appellant.

O'Brien, Galvin & O'Brien, Sioux City, for appellee.

Heard before MOORE, C. J., and LeGRAND, REYNOLDSON, HARRIS and McCORMICK, JJ.

LeGRAND, Justice.

This case reaches us by permissive appeal under the provisions of Rule 332, Rules of Civil Procedure. The defendant challenges an order overruling its special appearance. We affirm the trial court.

Defendant asserts the original notice served on it was fatally defective, conferring no jurisdiction on the Sac County district court. Defendant relies on our previous decisions interpreting Rule 50, R.C.P.

Although this litigation was started in Sac County, plaintiff used a printed original notice form prepared for use in Woodbury County. After designating venue as being in the district court in and for Sac County, the notice (eliminating those portions unimportant to this appeal) contained the following:

> "You are also hereby notified to appear before said court at the Woodbury
> Sac
> County Courthouse in "~~Sioux~~" City,
> Sac
> "~~Woodbury~~" County, Iowa, within 20 days after service of this original notice upon you, and that unless you appear, your default will be entered and judgment or decree will be rendered against you for the relief demanded in the petition."

The problem presented arises because the printed form was imperfectly altered to direct defendant's appearance at the *Woodbury* County Courthouse instead of the *Sac* County Courthouse. This is the only matter about which defendant complains. Did this render the original notice fatally defective? We answer in the negative, and we affirm the trial court.

■ We have frequently said compliance with Rule 50 is mandatory and jurisdictional. McArtor v. Pete's Cafe, 175 N.W.2d 369, 371 (Iowa 1970); White v. O'Neill, 164 N.W.2d 79, 80 (Iowa 1969); Gordon v. Doden, 261 Iowa 285, 287, 154 N.W.2d 146, 147 (1967); Bice v. Incorporated City of Urbandale, 258 Iowa 1013, 1015, 141 N.W.2d 639, 640 (1966); Parkhurst v. White, 254 Iowa 477, 480, 118 N.W.2d 47, 49 (1962).

Our holdings have been criticized as hypertechnical. See Comment, 55 Iowa L. Rev. 1049 (1970). On the other hand, as we have pointed out in some of these decisions, rules have a legitimate and important part to play in the administration of justice. Parties have a right to know the conditions under which they may be sued and the terms under which they must submit to the jurisdiction of the court for the settlement of disputes. Gordon v. Doden, supra, 261 Iowa at 288, 154 N.W.2d at 148.

It is not necessary to renew this philosophical dispute under the record now before us since we hold this appeal may be resolved without conflict with our previous interpretations of Rule 50.

The material part of that rule is as follows:

"The original notice shall be directed to the defendant, and signed by plaintiff or his attorney with the signer's address. It shall name the plaintiff, the court, and the city or town and county, where the court convenes. It shall state either that the petition is on file in the office of the clerk of the court where the action is brought, or that it will be so filed by a stated date, which must not be more than ten days after service. It shall notify defendant to appear before said court within the specified number of days after service * * * and that unless he so appears, his default will be entered and judgment or decree rendered against him for the relief demanded in the petition. * * * "

Our decisions invalidating original notices because of failure to comply with Rule 50 have all been premised on a failure to include in the notice correct information on matters which Rule 50 makes mandatory. That situation does not confront us here. This notice accurately sets out each item of information demanded by the Rule. It is directed to the defendant and is signed by plaintiff's attorney, whose address is given. It names the plaintiff and designates the court in which the action is brought as well as the city and county where that court convenes. It also properly states the other facts required by Rule 50.

The sole defect complained of exists because the original notice undertook to state information which Rule 50 does *not* require—the name of the *courthouse* at which defendant was to appear. It would have been complete without describing the courthouse at all. In this regard the rule is satisfied by naming the *court* before which defendant must appear and the *city* and the *county* where that court convenes. All this was done. We must now decide whether the erroneous inclusion of the word "Woodbury" in the unnecessary designation of the courthouse voids the notice.

We are unwilling to apply the same strict standard to statements which need not be included in an original notice as we do to those which Rule 50 says must be there.

We do not say that the former may never be the basis for invalidating an original notice. However, they should not be fatal unless actual prejudice is shown.

This case is not unlike Jacobson v. Leap, 249 Iowa 1036, 1040, 88 N.W.2d 919, 921–922, (1958). Perhaps our decision could be resolved by what we said there concerning "literal compliance" and "ultratechnical defects." However, the impact of *Jacobson* has been considerably weakened by later decisions. See Stampfer Building Co. v. Board of Review, 195 N.W.2d 390, 393 (Iowa 1972). Furthermore, we believe the reasons already advanced present a sounder rationale for the result reached.

■ We reiterate our general rule that an original notice which fails to correctly set out the information made mandatory by Rule 50 is void without a showing of prejudice; but a notice which is defective only in other particulars is valid unless actual prejudice is shown. Here the defect is an erroneous recitation of information not required by the rule. No prejudice appears. We therefore hold the notice was sufficient to confer jurisdiction over defendant and the ruling of the trial court is affirmed.

Affirmed.