# IN THE COURT OF APPEALS OF IOWA

No. 16-0475
Filed March 22, 2017

**ELIZABETH SIMON n/k/a ELIZABETH HARTSON,**
    Plaintiff-Appellant,

**vs.**

**ESTATE OF LYLE IVERSON,**
    Defendant-Appellee.
_____

Appeal from the Iowa District Court for Clayton County, John J. Bauercamper, Judge.

Elizabeth Hartson appeals the district court's dismissal order. **AFFIRMED.**

Rod H. Powell of Powell Law Firm, P.C., Clive, for appellant.

Jon A. Vasey of Elverson, Vasey & Abbott, LLP, Des Moines, for appellee.

Considered by Danilson, C.J., and Vogel and Vaitheswaran, JJ.

**VAITHESWARAN, Judge.**

Elizabeth Hartson sued the estate of an Illinois resident, Lyle Iverson, for injuries she sustained in an automobile accident that resulted in the death of Iverson. She failed to serve the estate within ninety days of filing the petition, as required by Iowa Rule of Civil Procedure 1.302(5), but obtained an extension of time to complete service.

Hartson filed a proof of service within the extension period, attesting the original notice and petition were served upon "Terry T. Stratton, attorney for the Executor of the Estate of Lyle Iverson" and upon the Iowa Department of Transportation pursuant to our long-arm statute. *See* Iowa Code § 321.500 (2015). Although Hartson's petition was filed in the Iowa District Court for Clayton County, the original notices served on the executor's attorney and the IDOT stated the defendant would have to serve a motion or answer "in the Iowa District Court for Polk County, Iowa, at the Courthouse in Des Moines, Iowa."

The estate filed a motion to dismiss, asserting Hartson "failed to effectuate timely and proper service on Defendant." Following a hearing, the district court granted the motion, finding several problems with service. Hartson appealed.

Hartson challenges the dismissal order on a number of fronts. We find it necessary to address only one of them: the error in the original notice.

The district court concluded,

> [A]n original notice which directs appearance/filing of an answer in the wrong county or city is defective. *See Summerlott v. Goodyear Tire & Rubber Co.*, 111 N.W.2d 251 (Iowa 1962). Clearly the original notice used here incorrectly directs an answer to be made in Polk County rather than Clayton County.

We discern no error in this ruling.

Iowa Rule of Civil Procedure 1.302(3) requires the service of an original notice with a copy of the petition. *See also* Iowa Code § 321.501 (requiring service of original notice). Hartson served original notices that instructed the defendant to file a motion or answer in the wrong county. This defect was fatal. *See Summerlott*, 111 N.W.2d at 253 (concluding original notice informing defendant to file appearance in Polk County rather than Jasper County where petition was filed was "fatally defective").

We recognize the language of the civil procedure rule in effect at the time of *Summerlott* differed from our present rule. *Compare* Iowa R. Civ. P. 50, *with* Iowa R. Civ. P. 1.302(1). The old rule required naming of the "county where the court convenes" and required notification that the defendant "appear before said court."[1] Our current rule requires the original notice to contain "[t]he name of the court" but does not refer to that court in specifying the defendant's obligation to move or plead.[2] This distinction does not alter our conclusion. The purpose of

---

[1] The *Summerlott* court quoted Rule 50 as follows:

> Contents Of Original Notice. The original notice shall be directed to the defendant, and signed by plaintiff or his attorney with the signer's address. *It shall name* the plaintiff, *the court, and the city or town, and county where the court convenes*. It shall state either that the petition is on file in the office of the clerk of the court where the action is brought, or that it will be so filed by a stated date, which must not be more than ten days after service. *It shall notify defendant to appear before said court* within the specified number of days after service required by rule 53 or rule 54, and that unless he so appears, his default will be entered and judgment or decree rendered against him for the relief damanded [sic] in the petition.

*Summerlott*, 111 N.W.2d at 253.

[2] Our current rule states:

> The original notice shall contain the following information:
> a. The name of the court and the names of the parties.
> . . . .

identifying the court is to inform the defendant of where to mount a defense. As the court stated in *Summerlott:*

> It seems appearent [sic] that the purpose of requiring the notice to state the city and county where the court convenes is to inform the defendant where he must appear in response to notice 'to appear before said court.' These defendants were notified to appear in the wrong courthouse, in the wrong city and county.
>
> . . . .
>
> It is as important for a defendant to be correctly notified where he is to appear as to be notified when his appearance is required. There is no room for a holding that one of these two requirements of rule 50 is jurisdictional and the other is not.

*Summerlott*, 111 N.W.2d at 253. *See also Gordon v. Doden*, 154 N.W.2d 146, 148 (Iowa 1967) (holding "the failure to designate in the original notice the city or town in which the court convenes is a substantial defect which renders the original notice void," notwithstanding the fact that the defendant "was not misled nor deceived in any way" and the name of the city appeared "several times in the original notice"). In light of the defect in the original notice, the district court did not err in dismissing Hartson's petition.

**AFFIRMED.**

---

d. The time within which these rules or statutes require the defendant, respondent, or other party to serve, and within a reasonable time thereafter file, a motion or answer.

The original notice shall also state that if the defendant, respondent or other party fails to move or answer, judgment by default may be rendered for the relief demanded in the petition.

Iowa R. Civ. P. 1.302(1).